In the Matter of GROSVENOR ANSCHELL, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 20, 1976

*John G. Bonomi* and *Ralph V. Caputo* for petitioner.

*Michael Caputo* for respondent.

*Per Curiam.* Respondent was admitted to practice in the First Judicial Department on June 27, 1956. He moved to Alberta, Canada, and in 1964 was admitted to practice there.

In 1968 he was reprimanded by the Law Society of Alberta, Canada, for failure to account to a client.

In 1971, representatives of the Law Society made an unannounced visit to respondent's law offices to examine his books of account and allegedly found that they were not kept in proper fashion.

As a result, the Law Society filed charges of professional misconduct against respondent, claiming that "in or about 1970, respondent converted the sum of $10,546.30 which represented funds in his trust accounts belonging to clients" and that "during 1969 and 1970 * * * respondent commingled his clients' funds with his own personal funds."

Respondent, appearing at a meeting of the Law Society, admitted the allegations of misconduct and was disbarred on May 14, 1971.*

Respondent's disbarment was disclosed, voluntarily by him, when he sought appointment in late 1974 or early 1975 to the 18-B Panel. He also personally reported the matter to the Bar Association at about that time, following which it initiated the present proceeding by filing the petition herein on August 18, 1975.

A Referee was designated for the purpose of determining whether respondent was guilty of misconduct in violation of subdivision 2 of section 90 of the Judiciary Law.

Respondent, who has an LL.M. in Taxation from New York University and now resides in Teheran, Iran, where his business is preparation of tax returns for American citizens, returned here to testify at the proceedings before the Referee. In his answer and at the hearing he admitted the allegations

---

* The applicable rules concerning discipline of attorneys in the Province of Alberta, Canada, appear to permit a disbarred attorney to apply for reinstatement at any time after disbarment (Rules of the Law Society of Alberta, rule 85).

of misconduct but in mitigation asserted that none of his clients had made any complaint or sustained any loss, as the entire sum converted was restored to the clients' trust account and each client received the money owed him promptly when due. Additionally, he submitted character affidavits and stated that while practicing law in Alberta, he was an official of the Planned Parenthood Association chapter and treasurer of his B'nai B'rith lodge, where he had custody of funds amounting to approximately $30,000, without any complaint. He said that following his disbarment in Alberta he and his wife were divorced and that he contributes to her maintenance and the support of their two minor children.

We confirm the findings of the Referee and his conclusion that the charges are sustained.

An attorney holds money he collects for a client as a trustee and is obligated to keep it separate from his own and pay it to the client on demand. If he fails to do so and uses the client's money for any purpose of his own, he violates his professional duty and should be disciplined. (*Matter of Braun,* 11 AD2d 147; *Matter of Babcock,* 230 App Div 323, 325.) It is no defense that the attorney intended to, and did in fact, reimburse the client (*Matter of Detsky,* 16 AD2d 595; *Matter of Coleman,* 178 App Div 580, 583). The conversion is complete when the account in which the client's funds are deposited is overdrawn or when the balance of the account is less than the client's interest in it. The conduct of the attorney is not excused because the improper handling of the funds is due to mismanagement rather than misconduct (*Matter of Le Pore,* 39 AD2d 261; *Matter of Raines,* 38 AD2d 459).

Although respondent's conduct is inexcusable, nevertheless, considering all the circumstances reflected by the record, including the fact that respondent voluntarily disclosed his Alberta disbarment, it would seem that the public interest would be served by suspension of respondent from the practice of law for a period of one year.

Stevens, P.J., Markewich, Kupferman, Birns and Capozzoli, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law for a period of one year, effective August 20, 1976.