In the Matter of IRA M. DENHOFFER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 30, 1987

### APPEARANCES OF COUNSEL

*Claudio B. Bergamasco* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*John G. Bonomi, P. C.,* for respondent.

### OPINION OF THE COURT

Per Curiam.

Petitioner, Departmental Disciplinary Committee (DDC), for

the First Judicial Department, moves for an order, pursuant to section 603.4 (d) of the Rules Governing the Conduct of Attorneys in the Appellate Division, First Judicial Department (22 NYCRR): (a) confirming a report of a Hearing Panel (Panel), only insofar as the findings of fact and conclusions of law, and (b) imposing such sanction upon respondent Ira M. Denhoffer (respondent), as this court deems appropriate. In response, respondent, by counsel, cross-moves, in substance, for an order: (a) disaffirming the findings of fact and conclusions of law of the Panel; or, in the alternative, (b) if any of the findings of fact and conclusions of law of the Panel are confirmed, then this court should also confirm the Panel's recommendation that respondent be publicly censured.

Respondent was admitted to practice in the Second Judicial Department on October 19, 1960. During the period covered by the charges, respondent maintained an office for the practice of law within the First Judicial Department. Since 1962, respondent has concentrated his practice in the field of immigration law.

It is undisputed that in the summer of 1981, respondent entered into an agreement with Ira Sands, Esq. (Mr. Sands), a New York attorney, whereby Mr. Sands transferred to respondent approximately 369 immigration matters that Mr. Sands was then handling for clients. According to the terms of the Sands' agreement, in substance, Mr. Sands was to recommend the substitution of respondent for himself in these pending cases; Mr. Sands was to obtain the client's consent to the change in representation; and, respondent, when he undertook the representation of any one of these clients, was to only charge that client the unpaid portion of the fee, if any, of the fee that the client had originally agreed to pay Mr. Sands.

On or about February 14, 1984, the DDC served respondent with a notice of, and statement of amended charges, which contained 14 separate charges, and some of those charges alleged more than one violation of the Disciplinary Rules (DR) of the Code of Professional Responsibility of the New York State Bar Association, effective January 1, 1970, and as amended. In his answer, respondent, in substance, denied all of the charges. At all stages of this proceeding, including the hearing, respondent has been represented by counsel.

After issue was joined, over a period of almost 16 months, extending from March 29, 1984 until July 11, 1985, the Panel held 14 sessions concerning the charges.

While the hearing was in progress, 6 of the 14 charges were dismissed or withdrawn. Thereafter, following receipt of all of the evidence from the DDC and the respondent, the Panel found respondent guilty of eight charges (II through IX), of professional misconduct, which collectively contain 19 DR violations.

These eight charges pertain to the matters of eight different clients. Pursuant to the Sands' agreement, the seven clients in charges II through VIII were referred to the respondent, while the client in charge IX retained the respondent directly. All eight of the clients sought to obtain permanent resident status in the United States. The 19 DR violations found by the Panel consist of two instances, concerning the matters of clients Messrs. Beckford and Ebrahimi, in which the respondent was guilty of conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4); six instances, concerning the matters of clients Ms. Edwards, Ms. Jagroop, Ms. Veris, and Messrs. Boyce, Greenbaum and Willett, in which respondent was guilty of conduct adversely reflecting on his fitness to practice law, in violation of DR 1-102 (A) (6); six instances, concerning the matters of Ms. Jagroop, Ms. Veris, and Messrs. Beckford, Boyce and Greenbaum, in which the respondent was guilty of charging a clearly excessive fee, in violation of DR 2-106 (A); one instance, concerning the matter of Mr. Greenbaum, in which the respondent was guilty of neglect in failing to make diligent attempts to notify Mr. Greenbaum of a visa appointment, in violation of DR 6-101 (A) (3); and, four instances, concerning the matters of Messrs. Beckford, Boyce, Greenbaum and Willett, in which the respondent was guilty of failing to turn over a client's file, in violation of DR 9-102 (B) (4). All eight of these clients testified as DDC witnesses.

In its reports, the Panel, in substance, found that respondent engaged in a five-year pattern of professional misconduct (1979-1983), which consisted of misleading clients into believing that respondent would charge a fixed fee, but thereafter he sought additional compensation for his services; taking unfair advantage of clients who were, for the most part, persons of limited education and of modest means, by having many of those clients sign, at the inception of the attorney-client relationship, a retainer statement, which contained "the concededly false statement that 90% of the services to be performed had already been done" (see, Panel's sanction report, Dec. 19, 1986, at 4); and, engaging in coercive and

unprofessional practices in the collection of his fee, in that he withheld clients' passports and other official documents, which did not belong to him, for the purpose of gaining leverage over them in the event of a fee dispute.

Our review of the more than 1,500-page transcript, and of the exhibits admitted into evidence, persuades us that overwhelming evidence supports the findings of the Panel as to the charges and DR violations that were sustained.

Based upon our examination of the respondent's papers and memorandum of law in support of his cross motion, we find that they fail to contain any meritorious arguments that indicate the Panel's findings of guilty against him were against the weight of the evidence.

Although respondent has heretofore had an unblemished record, that fact did not justify his taking advantage of his clients, in the unprofessional manner described *supra*. Therefore, we find that the appropriate discipline to be imposed is a one-year suspension.

Accordingly, the motion of the petitioner to confirm the Panel's report, only insofar as to the findings of fact and conclusions of law, is granted; the respondent's cross motion is denied in its entirety; and, it is ordered, that the respondent be, and hereby is, suspended from the practice of law for a period of one year, and until the further order of this court.

SANDLER, J. P., ROSS, KASSAL, ROSENBERGER and ELLERIN, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of one year, effective June 1, 1987, and until the further order of this court. Respondent's cross motion is denied in its entirety.