In the Matter of OMAR Z. GHOBASHY (Admitted as OMAR ZAKI GHOBASHY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 14, 1993

## APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Fredric Lewis* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Omar Z. Ghobashy, was admitted to the practice of law by the Second Judicial Department on June 20, 1962 under the name of Omar Zaki Ghobashy. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

On January 10, 1992 respondent was served with a notice and statement of charges asserting that he had violated various disciplinary rules in the course of representing five clients (four immigration cases, one estate matter) and that respondent was guilty of unethical practices and professional misconduct.

Charge One alleged that, by making false and misleading statements to his clients and to the third parties in the course of representing five clients, respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility, as it existed prior to the 1990 amendments.

Charge Two alleged that respondent intentionally and recklessly prejudiced or damaged four immigration clients by making false and misleading statements about them to third parties in violation of DR 7-101 (A) (3).

Charge Three alleged that respondent knowingly revealed the confidences or secrets of the four immigration clients to their disadvantage in violation of DR 4-101 (B) (1) and (2).

Charge Four alleged that respondent neglected three of the immigration cases in violation of DR 6-101 (A) (3).

Charge Five alleged that respondent improperly refused to withdraw after being discharged by all five clients in violation of DR 2-110 (B) (4).

Charge Six alleged that respondent failed to cooperate with succeeding counsel and attempted to interfere with new counsel for all five clients in violation of DR 2-110 (A) (2).

Charge Seven alleged that respondent threatened one of the new counsel and an employer of one of the clients with adverse action if they complained to the Departmental Disciplinary Committee (DDC) in violation of DR 1-102 (A) (5).

Charge Eight alleged that, by falsely and recklessly affirming matters to the Civil Court and the Surrogate's Court, regarding two of his clients, respondent violated DR 7-106 (C) (1).

Charge Nine alleged that, by failing to return property to two clients, respondent violated DR 9-102 (B) (4).

Charge Ten alleged that, by advocating a position materially adverse to a former client, respondent violated DR 5-108 (A) (1) (22 NYCRR 1200.27 [a] [1]), after the 1990 amendments.

Charge Eleven alleged that, by threatening his clients and their new attorneys and by physically and verbally abusing all five clients and by engaging in all of the conduct alleged in the statement of charges, respondent engaged in conduct that reflects adversely on his fitness to practice law in violation of DR 1-102 (A) (6) and (7) (22 NYCRR 1200.3 [a] [7]) after the 1990 amendments.

In his amended answer, respondent denied all 11 charges and raised several affirmative defenses.

A hearing was held on the within charges on April 20, 1992, April 27,1992 and May 11, 1992. The Hearing Panel thereafter sustained all of the charges of misconduct except as to part of Charge Eleven which charges physical abuse. The Panel issued its written report recommending that respondent be disbarred and stating in pertinent part as follows:

"Respondent has regularly engaged in a pattern of professional misconduct by continuing to hold himself out as his clients' lawyer after he has been discharged by them, threatening them, failing to cooperate with their new attorneys, interfering with their representation by new counsel, revealing clients' confidences or secrets learned in the course of his representation, failing to return their property to them, and most seriously, deliberately or recklessly making false or unsubstantiated prejudicial statements about such clients to government agencies, including the Immigration and Naturalization Service and at least one foreign government, as well as to their new attorneys, their employers, their spouses, courts and others.

"Respondent has shown no remorse throughout his extensive testimony, and was not candid with the panel. Most importantly, he did not acknowledge or give any indication that he understood that his conduct violated the Code of Professional Responsibility."

By petition dated June 17, 1992, the DDC seeks an order confirming the Hearing Panel's report and imposing the recommended sanction of disbarment. In opposition, respondent seeks an order disaffirming the findings of the Hearing Panel and either dismissing the charges or directing that a new

hearing be held. Counsel also requests that any further proceedings be suspended until respondent is physically capable of assisting in his own defense.

It is contended that the five complaints of professional misconduct were made during a period of time when respondent was seriously ill. While counsel concedes that respondent's actions concerning one of the charges warranted disciplinary proceedings, he asks that the Court consider respondent's medical condition. He further states that respondent's past practice of more than 25 years demonstrates a behavior pattern which was exemplary up until the time of his illness. Finally counsel claims that the findings should be disaffirmed because of noncompliance with 22 NYCRR 605.22 (c) in that there was not a proper quorum during the hearings.

In reply, the DDC contends that the complaints against respondent are not a recent occurrence in view of the fact that respondent was previously disciplined in two separate matters in 1986. The DDC further maintains that a heart attack suffered by respondent occurred after the conclusion of the hearings. In addition, the Committee points out that respondent's treatment for diabetes occurred subsequent to the misconduct by several years and that respondent had ample time to raise his physical condition as a mitigating factor even after notice was given to his former counsel. With respect to the quorum issue, the Committee alleges that one member of the Panel left the first session and another member left the second session shortly before its conclusion. The respondent did not object or otherwise raise the quorum issue on either occasion and that, pursuant to 22 NYCRR 605.1 (b), a nonprejudicial irregularity in procedure must be disregarded.

After a review of the evidence, we agree that respondent is guilty of 11 charges of professional misconduct arising from his representation of five clients. Respondent's misconduct consists of a pattern of behavior involving continuing to hold himself out as his clients' lawyer after he had been discharged by them, threatening them, failing to cooperate with their new attorneys, interfering with their representation by new counsel, revealing clients' confidences or secrets learned in the course of his representation, failing to return their property to them and, most seriously, deliberately or recklessly making false or unsubstantiated prejudicial statements about such clients to government agencies, including the Immigration and Naturalization Service and at least one foreign govern-

ment, as well as to their new attorneys, their employers, their spouses, courts and others.

Respondent has offered no mitigation for his actions and was not candid with the Panel. His persistent denials of wrongdoing indicate he fails to understand that his conduct violated the Code of Professional Responsibility. Respondent's misconduct spans a period of several years and predates the illness he raises for the first time in response to the Committee's petition to confirm the report. Respondent's diabetic condition has existed for more than 10 years and respondent had ample opportunity to offer this evidence in mitigation during the hearings. No such evidence was presented at the hearing. Respondent offered no evidence in mitigation of the misconduct and, in 1986, was admonished by the Committee on two separate occasions.

█ We reject respondent's claim that the report should be disaffirmed because of noncompliance with section 605.22 (c) of the Court's rules (22 NYCRR) relating to a quorum. No objection was taken. Nor was the issue raised when either of the Panel members left the room. The alleged irregularity in procedure does not invalidate the Hearing Panel's findings (22 NYCRR 605.1 [b]).

Accordingly, the petition is granted and the Hearing Panel's report confirmed. The respondent is disbarred from the practice of law and his name stricken from the roll of attorneys in the State of New York, effective immediately. Respondent's petition to disaffirm the findings of the Hearing Panel is denied.

MURPHY, P. J., MILONAS, ROSENBERGER, KASSAL and RUBIN, JJ., concur.

Petition is granted, the findings of fact and conclusions of law of the Hearing Panel are confirmed, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective January 29, 1993; and respondent's petition to disaffirm the findings of the Hearing Panel is denied.