[632 NYS2d 88]

In the Matter of PHILLIP E. SHAPIRO, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 10, 1995

## APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Phillip E. Shapiro,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, Phillip E. Shapiro, was admitted to the practice of law in the State of New York by the First Judicial Department on December 22, 1964.

By order of this Court entered April 14, 1994, respondent was suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), pending determination of disciplinary proceedings and until further order of this Court, as a result of respondent's willful failure to cooperate with the Committee in its investigation into allegations of professional misconduct by respondent. The Committee charged respondent with unethical practices and professional misconduct based on his failure to answer 12 complaints of misconduct, failure to establish or maintain contact with numerous clients and failure to file an affidavit of compliance with his order of suspension as required by the Rules of this Court.

The charges arose from respondent's conduct as the sole attorney, shareholder, and officer of the law professional corporation Friedman & Shapiro, P. C. (F&S). Charge One alleged that respondent failed to respond to 12 separate complaints from clients forwarded to him by the Committee between April 27, 1993 and December 9, 1993. All the complainants noted that respondent had ceased communicating with them. Respondent's conduct was asserted to be prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3).

Charge Two alleged that respondent's failure to communicate with the complaining clients, as well as with two incarcerated individuals for whom respondent had been appointed counsel on appeal, constituted neglect of legal matters entrusted to him, in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30).

Charge Three alleged that respondent failed to file an affidavit of compliance as required by the April 14, 1994 order of this Court suspending him from the practice of law, in violation of 22 NYCRR 603.13 and DR 1-102 (A) (5).

Finally, Charge Four alleged that respondent's conduct, as asserted in Charges One through Three, reflected adversely on his fitness to practice law in violation of DR 1-102 (A) (7) of

the Code of Professional Responsibility for conduct prior to November 30, 1993 and DR 1-102 (A) (8) of the Code of Professional Responsibility for conduct on or after November 30, 1993.

On or about August 23, 1994, respondent served his answer. In his answer respondent admitted that in January of 1992 he became the president and sole attorney of F&S; that on April 12, 1993 he filed on behalf of F&S a petition under chapter 11 of the United States Bankruptcy Act (11 USC); that on July 21, 1993 United States Bankruptcy Judge James L. Garrity, Jr. converted the chapter 11 reorganization to a chapter 7 liquidation; and, that since early August of 1993 he had refrained from any activity involving the clients of F&S. Respondent otherwise denied all the charges.

A Hearing Panel convened to hear testimony and evidence relating to the charges on October 11, 1994, November 15, 1994 and January 4, 1995. Respondent appeared *pro se.* Two of the 12 complainants testified and the remaining 10 complaints were reviewed based on the written submissions of the complainants.

We note that the Committee had forwarded the complaints to respondent initially at his office and re-sent all the complaints to his residence and/or to a mailing address he supplied to the Committee on December 20, 1993. Apart from seven brief notes respondent sent to the Committee on January 2, 1994 stating that he could not adequately reply to seven of the complaints, respondent failed to respond to any of the complaints.

Respondent offered no evidence to counter the complainants' written allegations and testimony that he had broken off contact, in some cases as early as March of 1993. Furthermore, respondent confirmed that since early August of 1993 he ceased practicing with Friedman & Shapiro and refrained from any activity involving the firm's clients. Respondent also admitted that he had failed to file an affidavit of compliance after being served with the April 14, 1994 order of the First Department suspending him from practice.

Respondent urged two defenses. First, he claimed that Friedman & Shapiro, P. C. was the firm retained by the complaining clients and that he, Phillip E. Shapiro, had no personal responsibility for them. Respondent's second defense was that he had no obligation towards the firm's clients once the Bankruptcy Trustee was appointed.

The Hearing Panel properly found that the first claim was not supported by the evidence. One of the complainants testified that in October or November 1992 he did not retain Friedman & Shapiro but met and spoke with the respondent, and had never met Mr. Friedman. In addition, it is clear that as of January 15, 1992 respondent was the sole shareholder, only attorney and only officer of the corporation. The Panel also correctly rejected the respondent's second defense. The Bankruptcy Trustee did not begin to operate until early August 1993, many months after the majority of the complaints were filed. Furthermore, the record contains an affidavit filed by the respondent with the Bankruptcy Court dated July 13, 1993, in which he stated that the firm's operations were continuing, that the interests of the clients were being served and that he was in personal, telephone and mail communication with them.

We find that based upon the evidence presented the Hearing Panel properly sustained the four charges of misconduct. While the respondent requested a recommendation that he be admonished or censured, staff counsel recommended disbarment. The Panel was made aware that respondent received an Admonition on April 17, 1989 as a result of his failure to satisfy a judgment entered against him by a former client.

By petition dated March 27, 1995, the Departmental Disciplinary Committee is now seeking an order confirming the Hearing Panel's report and imposing the recommended sanction of disbarment.

In response to the Committee's petition, respondent served a copy of a notice of removal which he had filed in the United States District Court for the Southern District of New York removing this matter from this Court and transferring it to the United States Bankruptcy Court for the Southern District of New York.

Thereafter, the Disciplinary Committee moved for an order remanding this matter back to this Court for determination. By order entered August 11, 1995, the United States District Court for the Southern District of New York (Sotomayor, J.) remanded this matter to this Court for determination.

Review of the evidence presented to the Hearing Panel demonstrates that there is ample support for the Hearing Panel's findings that respondent has engaged in serious professional misconduct. The defenses offered by respondent for his misconduct were properly rejected by the Hearing Panel as

not being supported by the evidence or the ethical considerations involving attorneys practicing law as a professional corporation.

With respect to respondent's failure to respond to the 12 complaints served upon him by the Committee, the Hearing Panel adopted this Court's finding made during the course of the Committee's motion for an interim suspension, that respondent's claim that he did not receive the complaints was incredible. Respondent admitted that for the prior 15 years he continuously resided at the address to which the Committee sent its correspondence.

In addition to respondent's failure to cooperate with the Committee in its investigation of the complaints, the record indicates that he refused to cooperate throughout the balance of the disciplinary proceedings. His failure to cooperate with the Committee, his conduct before the Hearing Panel, as well as the fact that he received an Admonition in April 1989 for failing to satisfy a judgment obtained against him in Small Claims Court by a former client for over two years, are all aggravating factors. No evidence in mitigation was offered by respondent.

In *Matter of Viscomi* (197 AD2d 321), the respondent attorney involved failed to cooperate with the Committee's investigation of three complaints filed against him, and then failed to appear before the Hearing Panel or serve and file an answer to the charges. Viscomi was disbarred.

In *Matter of Spector* (58 AD2d 493), the respondent attorney failed to prosecute two breach of contract actions and one action for false arrest, failed to communicate with clients, failed to cooperate in the investigation of these matters, and failed to appear before the Hearing Panel and defend the charges. This Court disbarred Spector, noting that, "His abandonment of his clients and their cases cannot be condoned." *(Supra,* at 495.)

In the case at bar, respondent abandoned at least 12 clients in the midst of matrimonial, personal injury, landlord/tenant, estate, employment discrimination, tax and criminal appeal proceedings. While respondent did appear before the Hearing Panel, he lacked candor and did not contest the facts underlying the complaints. Instead, respondent attempted to hide behind the fact that he was practicing law as a professional corporation, that the professional corporation was in bankruptcy and that this somehow relieved him from all responsi-

bility to his clients. In view of respondent's conduct, disbarment is the only appropriate sanction.

Accordingly, the Disciplinary Committee's petition is granted, the Hearing Panel's report is confirmed and the recommended sanction of disbarment imposed effective forthwith.

MURPHY, P. J., ROSENBERGER, RUBIN, ROSS and WILLIAMS, JJ., concur.

Petition granted, the Hearing Panel's report confirmed and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, and respondent's name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective forthwith.