58

[662 NYS2d 55]

In the Matter of CHARLES W. CIPOLLA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 23, 1997

### APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Charles W. Cipolla,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The respondent, Charles W. Cipolla, was admitted to the practice of law in the State of New York by the First Judicial Department on April 2, 1951. He was also admitted to practice as an attorney and counselor-at-law in the State of New Jersey.

On March 6, 1996, the New Jersey Supreme Court reprimanded respondent and ordered that he practice under supervision for one year on the application of the New Jersey Supreme Court Disciplinary Review Board. Respondent was disciplined for acting with conflict of interest, for failing to provide a written retainer agreement, for charging an unreasonable fee, and for engaging in conduct involving fraud, dishonesty, deceit or misrepresentation, and conduct prejudicial to the administration of justice, in violation of New Jersey Rules of Court RPC 1.5 (b) and (c), RPC 1.7 (c) (2), RPC 1.9 (a) (1) and (2), and RPC 8.4 (c) and (d).

At several hearings before the Disciplinary Review Board, it was determined that respondent had created a conflict of interest which disadvantaged his clients. Respondent had represented William and Margaret Johnston when they were sued by New York Marine & General Insurance Company for nonpayment of premiums, and had subsequently represented Homestead in a similar suit against the Johnstons. When he represented the Johnstons in the first suit, respondent obtained information about them which helped him prosecute the second suit against them. In addition, the Board found that respondent wrongfully induced the Johnstons to sign and notarize a blank affidavit, and charged them an unreasonable fee.

The Departmental Disciplinary Committee petitions this Court for an order, pursuant to 22 NYCRR 603.3, publicly censuring respondent, predicated on the fact that he was similarly disciplined by the Supreme Court of New Jersey. Because the facts preclude respondent from raising any of the defenses enumerated in section 603.3, the Committee's petition is granted.

22 NYCRR 603.3 provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are: (1) lack of notice or opportunity to be heard at the foreign proceedings; (2) such a clear infirmity of proof establishing the misconduct that this Court could not credit the foreign court's determination; or (3) the attorney's conduct does not constitute misconduct in this jurisdiction. None of these defenses apply here. Respondent was given notice, participated fully in the proceedings, and filed several motions therein. Moreover, the New Jersey Supreme Court already considered and rejected this due process argument. There was a full evidentiary hearing at which the complainant's testimony, and the documentary evidence, supported the court's findings of misconduct. Finally, the actions for which respondent was disciplined in New Jersey

constitute misconduct under several provisions of the New York Code of Professional Responsibility, namely, DR 5-108 (22 NYCRR 1200.27 [conflict of interest]), DR 1-102 (A) (4) and (5) (12 NYCRR 1200.3 [conduct involving dishonesty, fraud, deceit, or misrepresentation, and conduct prejudicial to the administration of justice]), and DR 2-106 (A) (22 NYCRR 1200.11 [excessive fees]).

Accordingly, the Committee's petition is granted, and respondent is publicly censured for the described misconduct.

ROSENBERGER, J. P., WALLACH, MAZZARELLI, ANDRIAS and CoLABELLA, JJ., concur.

Application granted, and respondent publicly censured.