[731 NYS2d 145]

In the Matter of GROSVENOR ANSCHELL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 9, 2001

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Grosvenor Anschell, was admitted to the

practice of law in the State of New York by the First Judicial Department on June 27, 1956. At all times relevant to this proceeding, respondent has maintained an office for the practice of law in Bellevue, Washington, where he was admitted on March 8, 1954.

By order and decision dated July 20, 1976 (*Matter of Anschell*, 53 AD2d 297), this Court suspended respondent from the practice of law for one year, effective August 20, 1976, and until further order of the Court, based upon his 1971 disbarment in Alberta, Canada, after the Law Society of Alberta uncovered evidence that he had converted client funds. Respondent was subsequently reinstated in Alberta in 1981 and in New York State by order dated March 30, 1982 (*Matter of Anschell*, 87 AD2d 571).

The Departmental Disciplinary Committee (DDC) now seeks an order suspending respondent from the practice of law for two years pursuant to the doctrine of reciprocal discipline, as set forth in 22 NYCRR 603.3, predicated upon similar discipline issued by a foreign jurisdiction or, in the alternative, sanctioning respondent as this Court deems appropriate.

By a certificate of finality dated October 30, 2000, the Supreme Court of the State of Washington certified as final its opinion of September 14, 2000 (141 Wash 2d 593, 9 P3d 193), suspending respondent for two years, to be followed by two years of supervised probation. That sanction was based on respondent's neglect of three separate immigration matters; his failure to inform his clients of problems with their cases; his collecting fees from a client without performing legal services and then failing to refund the unearned fee; and his failure to cooperate with a disciplinary investigation. In violation of 22 NYCRR 603.3 (d), respondent did not advise the Clerk of this Court, the DDC or the Committee on Character and Fitness of the discipline imposed by Washington State.

Since this proceeding is based upon reciprocal discipline, the DDC correctly asserts that respondent may only raise defenses enumerated in 22 NYCRR 603.3 (c). Respondent has not submitted a response to this petition. The defenses specified in 22 NYCRR 603.3 (c) are:

> "(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

> "(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the

clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

Respondent has no defense under 22 NYCRR 603.3 (c) (1) because he was provided with sufficient notice and an opportunity to be heard in the Washington disciplinary proceeding. The Disciplinary Board of the Washington State Bar Association (WSBA) filed a formal complaint against respondent on or about August 12, 1997, alleging multiple violations of the Rules of Professional Conduct (RPC) arising from three client grievances as well as an additional count for failure to cooperate with the Bar's disciplinary investigation. Respondent answered the charges and, with the assistance of counsel, entered into a stipulation of uncontested facts with the WSBA. On April 15, 1998, a two-day hearing was held at which respondent, again represented by counsel, gave testimony, called witnesses, and submitted various exhibits. Following the hearing, on June 3, 1998, the hearing officer issued his findings and conclusions, recommending that respondent be suspended from practice for 180 days, followed by two years of supervised probation, together with the payment of restitution in an amount exceeding $13,000.

By order dated October 22, 1998, the Disciplinary Board of the WSBA modified the hearing officer's findings of fact, conclusions of law, and recommendations. The Board recommended a two-year period of suspension followed by two years' probation, and directed respondent to make full restitution to his clients, including a $68,483.63 civil judgment obtained by one of his clients for legal malpractice. Thereafter, respondent, acting *pro se*, appealed the determination of the Board of the WSBA to the Washington Supreme Court, arguing that the Board's modifications of the hearing officer's conclusions and recommendations were not supported by the evidence.

The Washington Supreme Court issued its opinion on September 14, 2000, affirming the Disciplinary Board's recommendation as to sanction but reinstating the hearing officer's original order of restitution. On October 3, 2000, respondent filed a motion for reconsideration and for a stay, which was denied by the court on October 30, 2000, the same day the court issued its certificate of finality that confirmed its opinion

suspending respondent for two years (plus two years' supervised probation).

It is clear from the record that respondent actively participated and defended himself in the disciplinary proceeding, including answering the complaint, testifying at the hearing with the assistance of counsel, and appealing the decision to the Supreme Court. Since respondent was given ample notice and opportunity to be heard, he is precluded from raising any defense of lack of due process pursuant to 22 NYCRR 603.3 (c) (1) (*see, Matter of Terzis*, 274 AD2d 230).

Respondent has no defense under 22 NYCRR 603.3 (c) (2) because the proof submitted was sufficient to support the findings of misconduct. Indeed, respondent stipulated to most of the facts that form the basis of the Washington court's findings of misconduct.

The only dispute respondent had with regard to the hearing officer's findings of fact (which were adopted by the Washington Supreme Court) related to the finding that respondent "acted intentionally or knowingly in all his acts of misconduct"—not filing immigration documents, missing deadlines and not refunding fees. However, the Washington Supreme Court found that the record supported this finding of "knowing" misconduct since respondent "represented that he had filed documents when he had not, and/or failed to inform the client that had missed deadlines [after receiving an INS notification to that effect]."

In light of the foregoing, respondent has no defense under 22 NYCRR 603.3 (c) (2) because the Washington Supreme Court's findings of misconduct are supported by the record.

The DDC also argues that respondent has no defense under 22 NYCRR 603.3 (c) (3) because the misconduct for which respondent was disciplined in Washington would constitute misconduct in New York. The Supreme Court found that respondent had violated Rules of Professional Conduct (RPC) rule 1.3 on three occasions. RPC 1.3 states: "A lawyer shall act with reasonable diligence and promptness in representing a client." The DDC argues that New York Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30) is analogous to Washington's rule but differs in that it is in the language of prohibition, not prescription. DR 6-101 (a) (3) states: "A lawyer shall not * * * [n]eglect a legal matter entrusted to the lawyer." Moreover, New York courts have disciplined attorneys for misconduct similar to that of respondent's (*Matter of Evangelista*, 233 AD2d 1).

The court further found that respondent had violated RPC 1.4 on three occasions. RPC 1.4 is entitled "Communication" and states:

"(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

"(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

While the New York Code does not have an analogous provision to RPC 1.4, respondent's failure to communicate to a client as to the status of his or her case is a form of neglect and, thus, a violation of DR 6-101 (a) (3) (*Matter of Shapiro*, 214 AD2d 282; *Matter of Denhoffer*, 127 AD2d 230; *Matter of Evangelista, supra*).

The Washington court also found that respondent had violated RPC 1.5 (a) and RPC 1.15 (d) by taking a client's fee without performing legal services and failing to refund the unearned fee. RPC 1.5 (a), which states in relevant part: "A lawyer's fee shall be reasonable," is analogous to DR 2-106 (a) (22 NYCRR 1200.11) which states in the negative: "A lawyer shall not enter into an agreement for, charge or collect an illegal or excessive fee" (*Matter of Cipolla*, 233 AD2d 58; *Matter of Hantman*, 236 AD2d 75).

By failing to refund the client's unearned legal fee, respondent also violated RPC 1.15 which states, as pertinent:

"(d) A lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client * * * and refunding any advance payment of fee that has not been earned."

This rule is substantially similar to DR 2-110 (a) (22 NYCRR 1200.15), which states:

"(2) Even when withdrawal is otherwise permitted or required under section [2-110 (a) (1), (b) or (c)], a lawyer shall not withdraw from employment until the lawyer has taken steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client * * *

"(3) A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned."

By failing to promptly respond to several of WSBA's written requests and by failing to return phone calls from disciplinary counsel, the court found that respondent violated Rules for Lawyer Discipline rule 2.8. This rule imposes a duty on lawyers to furnish prompt responses to any inquiry made pursuant to the rules relevant to grievances, and a lawyer's failure to cooperate fully and promptly with an investigation shall also constitute grounds for discipline. While there is no language exactly similar to this rule under the New York Code, the conduct for which respondent was found guilty would certainly constitute misconduct in this State. Under this Court's rule (22 NYCRR) 603.4 (e) (1), an attorney must comply with any lawful demand of the DDC during the course of its investigation or face a motion for suspension.

Under the circumstances, respondent is precluded from raising the defense enumerated in 22 NYCRR 603.3 (c) (3) that the misconduct for which he was disciplined in Washington does not constitute misconduct in New York. Since no defense has been presented or exists, the DDC's petition for an order pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 603.3 is granted.

As to sanctions, it is a generally accepted principle that the State where respondent lives and has actively practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations pertinent to such disciplinary actions (*Matter of Reiss*, 119 AD2d 1, 6). In reciprocal proceedings, this Court has given deference to the sanction imposed on attorneys in the State where the misconduct occurred (*Matter of Gilbert*, 268 AD2d 67; *Matter of Gifis*, 259 AD2d 105).

In addition, respondent has never complied with his biennial registration requirement under Judiciary Law § 468-a, which is a further ground for his suspension from the practice of law.

Accordingly, respondent should be suspended from the practice of law for two years in accordance with the discipline ordered in the State of Washington, effective immediately, and until respondent's compliance with the registration requirements and further order of this Court.

ROSENBERGER, J. P., NARDELLI, ELLERIN, WALLACH and RUBIN, JJ., concur.

Petition for an order pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 603.3 granted, and respondent suspended from the practice of law in the State of New

York for a period of two years, effective the date hereof, with respondent's reinstatement conditioned upon his compliance with Judiciary Law § 468-a, and until the further order of this Court.