[733 NYS2d 731]

In the Matter of ALAN E. KUDISCH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 10, 2001

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing four

charges of professional misconduct against him. In his amended answer, he admitted all of the factual allegations contained in the petition. After a hearing, the Special Referee sustained all four charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has not submitted any papers in opposition or in response to the motion.

Charge One alleged that the respondent engaged in conduct involving fraud, dishonesty, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In 1997, the respondent was retained by Catherine Roche to represent her son, Thomas Roche, in connection with the appeal of a criminal conviction. She paid the respondent approximately $4,700 between January and October 1997. The respondent knew when he was retained that assigned counsel had been appointed to represent Thomas Roche. The respondent failed to notify the court of his retainer. He failed to submit any motions or prepare a brief on Thomas Roche's behalf. He also failed to reimburse Mrs. Roche for any portion of his unearned legal fee until August 1998, after she filed a complaint with the Grievance Committee.

Charge Two alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

The respondent failed to answer numerous inquires from Mrs. Roche concerning the status of her son's criminal appeal.

Charge Three alleged that the respondent engaged in conduct involving fraud, dishonesty, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In May 1994, the respondent was retained by Edward and Roslyn Rockowitz to represent them in connection with an action to recover damages for breach of contract. In July 1994, the respondent served a summons and complaint. In December 1997, after repeated inquiries, the respondent assured his clients that a note of issue had been filed, and sent a purported copy thereof to them. In fact, the respondent had not filed a note of issue with the court when he sent the purported copy to his clients. Moreover, the respondent misrepresented to his clients the status of a pending motion to dismiss their claims, falsely asserting that the court had not yet decided it.

Charge Four alleged that the respondent failed to properly withdraw from a litigated matter and return the client's file, in violation of Code of Professional Responsibility DR 2-110 (a) (2); (b) (22 NYCRR 1200.15 [a] [2]; [b]).

In 1996, the respondent no longer believed that the Rockowitz case was viable, but he failed to move to be relieved as counsel in the Supreme Court, Suffolk County, where the action was pending. Moreover, he ignored numerous requests from his clients for copies of their file until after they complained to the Grievance Committee.

Based on the evidence adduced at the hearing, including the respondent's admissions, all four charges were properly sustained by the Special Referee.

The respondent's disciplinary history consists of three admonitions (two of which were personally delivered) and one letter of caution.

Under the circumstances of this case, the respondent is suspended from the practice of law for a period of two years.

BRACKEN, P. J., RITTER, SANTUCCI, ALTMAN and H. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Alan E. Kudisch, is suspended from the practice of law for a period of two years, commencing February 7, 2002, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Alan E. Kudisch, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an at-

torney and counselor-at-law. [As amended by unpublished order entered Jan. 7, 2002.]