[781 NYS2d 310]

In the Matter of GROSVENOR ANSCHELL, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 15, 2004

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

No appearance for respondent.

Per Curiam.

Respondent Grosvenor Anschell was admitted to the practice of law in the State of New York by the First Judicial Department on June 27, 1956. At all times relevant to this proceeding, respondent has maintained an office for the practice of law in the State of Washington, where he was admitted to the practice of law on March 8, 1954.

Respondent has been previously disciplined by this Court on two occasions: (1) by order entered July 20, 1976 (53 AD2d 297 [1976]), this Court suspended respondent for one year based upon his 1971 disbarment in Canada for conversion of client funds. Respondent was subsequently reinstated by order of this Court entered March 30, 1982 (87 AD2d 571 [1982]); and (2) by order entered October 9, 2001, this Court suspended respondent for two years based upon an October 30, 2000 order from the Supreme Court of the State of Washington which suspended respondent for two years, followed by two years of supervised probation, for his neglect of three immigration matters, his failure to inform his clients of problems with their cases, his collection of fees without performing legal services and refusing to refund the unearned fee, and for his failure to cooperate with the disciplinary investigation (286 AD2d 173 [2001]).

Pursuant to an investigation by the Washington State Bar Association (WSBA) with regard to three new complaints against respondent, he was subsequently disbarred from the practice of law in July 2003 after a full hearing in which he fully participated (149 Wash 2d 484, 69 P3d 844 [2003]). In disbarring respondent, the Washington court determined that respondent had violated several Washington Court Rules of Professional Conduct (RPC) and found no factors in mitigation. It is undisputed that respondent failed to advise the Clerk of this Court or the Departmental Disciplinary Committee (Committee) of his disbarment imposed by the State of Washington. Moreover, respondent remains suspended from the practice of law in the State of New York and has not sought reinstatement.

The Committee now seeks an order disbarring respondent from the practice of law pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 603.3, predicated upon his disbarment by the Supreme Court of Washington, or alternatively, imposing sanctions upon respondent as this Court deems appropriate. Respondent has failed to answer this petition.

Inasmuch as this proceeding is premised upon reciprocal discipline, respondent may only raise those three defenses enumerated in 22 NYCRR 603.3 (c) (*see Matter of Terzis*, 274 AD2d 230 [2000]). Respondent is precluded from raising a defense pursuant to 22 NYCRR 603.3 (c) (1) since he was given ample notice and opportunity to be heard in the Washington proceeding. The record clearly demonstrates that respondent actively participated and defended himself in the Washington disciplinary proceeding, including answering the complaint, admitting certain facts, testifying at the hearing, appealing the disciplinary board's recommendation to the court, and seeking reconsideration of the court's disbarment order.

Likewise, respondent has no valid defense under 22 NYCRR 603.3 (c) (2) inasmuch as the proof submitted was sufficient to support the findings of misconduct. Since respondent did not challenge the findings of fact, which were subsequently confirmed by the Washington disciplinary board and court, respondent is precluded from raising a defense that there was an infirmity of proof establishing his misconduct.

Since the misconduct for which respondent was disciplined in Washington would also constitute misconduct in New York, respondent has no defense under 22 NYCRR 603.3 (c) (3). The Washington court found respondent had violated RPC 1.3 on four occasions. RPC 1.3 states: "A lawyer shall act with reasonable diligence and promptness in representing a client." We find that Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30), which states that an attorney shall not neglect a legal matter entrusted to the lawyer, is analogous to Washington's rule (286 AD2d at 177).

The Washington court also found respondent had violated RPC 1.4 on two occasions. RPC 1.4 states:

"(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

"(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

While the New York Code does not have a provision exactly the same as RPC 1.4, in this Court's previous decision suspending respondent we found RPC 1.4 comparable to DR 6-101 (a) (3) (286 AD2d at 177). Moreover, this Court has repeatedly found conduct such as respondent's failure to communicate with his

clients as to the status of their cases to be a form of neglect and, thus, a violation of DR 6-101 (a) (3) (*see e.g. Matter of Denhoffer*, 127 AD2d 230, 232 [1987]).

In addition, the Washington court determined respondent violated RPC 1.9 (a) which prohibits attorneys from representing another person against a former client "in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents in writing after consultation and a full disclosure of the material facts." We find that RPC 1.9 is essentially similar to DR 5-108 (a) (1) (22 NYCRR 1200.27) which provides "a lawyer who has represented a client in a matter shall not, without the consent of the former client after full disclosure . . . [t]hereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client" (*see Matter of Ghobashy*, 185 AD2d 23 [1993], *lv denied* 82 NY2d 701 [1993], *cert denied* 510 US 1045 [1994]).

Respondent was also found to have violated RPC 1.14 by failing to preserve the identity of escrow funds by his untimely deposit of funds, and by failing to disburse funds in the transaction per escrow instructions. RPC 1.14 (a) states: "[a]ll funds of clients paid to a lawyer or law firm, including advances for costs and expenses, shall be deposited in one or more identifiable interest-bearing trust accounts . . . and no funds belonging to the lawyer or law firm shall be deposited therein . . ." New York rule DR 9-102 (b) (1) (22 NYCRR 1200.46) is analogous to the above rule insofar as it requires attorneys to deposit escrow funds into specially designated trust accounts, and New York courts have disciplined attorneys for misconduct similar to respondent's (*see Matter of Klugerman*, 189 AD2d 284 [1993]).

Respondent's failure to maintain proper escrow records violated RPC 1.14 (b) (3), which requires attorneys who maintain client funds in escrow accounts to "[m]aintain complete records of all funds . . . of a client coming into the possession of the lawyer and render appropriate accounts to his or her client regarding them." DR 9-102 (d), which is entitled "Required bookkeeping records," is clearly similar to the Washington rule and this Court has disciplined attorneys for failing to maintain required escrow records (*see e.g. Matter of Fong*, 308 AD2d 19 [2003]).

The Washington court also found that respondent had violated RPC 1.15 (d) by failing to withdraw from representing a client. RPC 1.15 states as pertinent:

"(d) A lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled . . . ."

This rule is substantially similar to DR 2-110 (a) (22 NYCRR 1200.15) which states:

"(2) Even when withdrawal is otherwise permitted or required under section 1200.15 (a) (1), (b) or (c) of this Part, a lawyer shall not withdraw from employment until the lawyer has taken steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules."

Furthermore, New York courts have found violations of DR 2-110 (a) (2) where attorneys, similar to respondent, have effectively withdrawn from representation without taking the proper steps to protect the client's rights (see *Matter of Kudisch*, 290 AD2d 43 [2001]).

It was also found that respondent "knowingly" made a "false statement of material fact or law to a third person" in violation of RPC 4.1 (a), and engaged in dishonest conduct in violation of RPC 8.4 (c). New York rule DR 1-102 (a) (4) (22 NYCRR 1200.3), which prohibits attorneys from engaging in "conduct involving dishonesty, fraud, deceit, or misrepresentation," mirrors RPC 8.4 (c), and also parallels RPC 4.1 (a). In addition, DR 7-102 (a) (5) (22 NYCRR 1200.33), which prohibits attorneys from "knowingly mak[ing] a false statement of law or fact," relates to these Washington rules.

Lastly, by failing to promptly cooperate with the WSBA's investigation of the underlying grievances, the court found respondent had violated Rules for Lawyer Discipline rule 2.8, which imposes a duty on lawyers to furnish prompt responses to any inquiry made pursuant to the rules relevant to grievances and a lawyer's failure to cooperate fully and promptly with an investigation shall also constitute grounds for discipline. While there is no language exactly similar to this rule under the New York Code, the conduct for which respondent was found guilty would certainly constitute misconduct in this

state. Indeed, as this Court previously found, under this Court's rule 22 NYCRR 603.4 (e) (1) (i), an attorney must comply with any lawful demand of the Committee during the course of its investigation or face a motion for suspension (286 AD2d at 178; *see also Matter of Shapiro*, 214 AD2d 282 [1995]).

In light of the foregoing, respondent is precluded from raising the defense enumerated in 22 NYCRR 603.3 (c) (3), i.e., that the misconduct for which he was disciplined in Washington does not constitute misconduct in New York. In addition, respondent has never complied with his biennial registration requirement under Judiciary Law § 468-a, which this Court previously mentioned as an independent ground for his reciprocal suspension (286 AD2d at 178). Accordingly, since no defense has been presented or exists, the Committee's petition for an order pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 603.3 should be granted.

With regard to the issue of sanction, it is generally accepted that the state where respondent lived and actively practiced law at the time of the offense has the greatest interest in the issue of sanction (*see Matter of Reiss*, 119 AD2d 1, 6 [1986]), and deference is even more appropriate where the misconduct occurred in that state (*see Matter of Schlem*, 308 AD2d 220 [2003]).

Accordingly, the petition for an order pursuant to 22 NYCRR 603.3 should be granted and respondent disbarred and his name stricken from the roll of attorneys, effective immediately.

NARDELLI, J.P., TOM, MAZZARELLI, ELLERIN and LERNER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.