[872 NYS2d 44]

In the Matter of ANTHONY C. JONES (Admitted as ANTHONY JONES), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 27, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Ann E. Scherzer* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Anthony C. Jones was admitted to the practice of law in the State of New York by the First Judicial Department on April 10, 2000.* He was also admitted as an attorney and counselor-at-law in the State of New Jersey in 1998.

By order entered February 5, 2008, this Court suspended respondent for failure to register as an attorney since the 2002/2003 biennial period in violation of Judiciary Law § 468-a. In this proceeding, the Departmental Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3, censuring respondent predicated upon similar discipline the Supreme Court of New Jersey imposed (195 NJ 429, 950 A2d 208 [2008]). Respondent has not submitted a response.

This matter started with a complaint that the New Jersey Office of Attorney Ethics (OAE) filed. The first count of the complaint charged respondent with practicing law while ineligible because he did not remit his 2002 annual assessment to the New Jersey Lawyer's Fund for Client Protection. Respondent then failed to make further payments into 2006, but held himself out as an attorney with offices in both New Jersey and New York and did practice law despite being aware that he was ineligible.

The second count of the complaint charged that respondent never maintained client ledger cards, business receipts, disbursement journals or journal slips; nor did he perform monthly reconciliations of his trust account. When respondent failed to file a formal answer to the complaint, the OAE certified the matter as a default and referred it to New Jersey's Disciplinary Review Board (DRB). In a decision dated April 8, 2008, the DRB sustained both counts of the complaint and recommended a public reprimand. The DRB specifically found that, because respondent was ineligible to practice law between September 2002 and July 2006, his representation of clients during that period violated New Jersey Rules of Professional Conduct (RPC) rule 5.5 (a) (practicing of law while ineligible). The DRB also found that respondent violated RPC rule 1.15 (a) by using his trust account as his personal checking account and violated RPC rule 1.15 (d) by admittedly failing to maintain

---

* Respondent, pro se, was properly served with this petition.

certain required records for his trust account. In specifically rejecting the harsher penalty of censure, the DRB noted that respondent's commingling of personal and client funds was "passive and did not result in any misappropriation of client or other trust funds" and, although he did not file an answer to the complaint, he did write two letters to the OAE consenting to whatever penalty it imposed and otherwise cooperated in the investigation.

The Supreme Court of New Jersey affirmed the findings of the DRB but increased the discipline from a reprimand to a censure.

With respect to the Committee's petition, the only defenses available to respondent are: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct presented to the foreign jurisdiction; and (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (22 NYCRR 603.3 [c]; *Matter of Hoffman*, 34 AD3d 1, 2-3 [2006]; *Matter of Power*, 3 AD3d 21, 23 [2003]). However, respondent, pro se, has not raised any defense as he has defaulted on this petition.

A review of the record establishes that respondent was afforded due process and that sufficient evidence established his admitted misconduct. Further, the conduct for which he was disciplined in New Jersey constitutes violations of parallel provisions in this state (*see* Code of Professional Responsibility DR 3-101 [a]; DR 9-102 [b] [1]; [c] [3] [22 NYCRR 1200.16 (a); 1200.46 (b) (1); (c) (3)]). The imposition of reciprocal discipline is therefore appropriate (*Matter of Vohra*, 303 AD2d 61 [2003]; *Matter of Gold*, 240 AD2d 74 [1998]).

With regard to the issue of sanctions, the state where respondent practiced law at the time and where the offense was committed has the greatest interest (*see Matter of Sims*, 36 AD3d 304 [2006]; *Matter of Anschell*, 286 AD2d 173 [2001]). A censure is also in accord with the mitigation presented and this Court's precedent under similar circumstances (*see Matter of Hammer*, 253 AD2d 226 [1999] [attorney with a disciplinary record censured for commingling personal and client funds and failing to maintain proper records where no misappropriation or loss of client funds]; *compare Matter of Fisher*, 43 AD3d 173 [2007] [attorney censured for record-keeping violations, nonvenal conversion and commingling,

where attorney expressed remorse and cooperated]; *Matter of Cohen*, 12 AD3d 29 [2004] [attorney with prior admonition censured for borrowing money from a client, nonvenal conversion and commingling of client funds, and failing to keep proper escrow account records, where conduct was aberrational and attorney expressed remorse and cooperated]).

Accordingly, the Committee's petition pursuant to 22 NYCRR 603.3 should be granted, and respondent censured. Respondent will remain suspended for his failure to register with the Office of Court Administration until he complies with Judiciary Law § 468-a and applies to this Court for his reinstatement.

TOM, J.P., SAXE, CATTERSON, MOSKOWITZ and DEGRASSE, JJ., concur.

Respondent publicly censured, as indicated.