[982 NYS2d 27]

In the Matter of ADAM K. BLOCK (Admitted as ADAM KENNETH BLOCK), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 6, 2014

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu Parrino* of counsel), for petitioner.

*Adam K. Block*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Adam K. Block was admitted to the practice of law in the State of New York by the Second Judicial Department on March 23, 1994, under the name Adam Kenneth Block. He was also admitted as an attorney and counselor-at-law in the State of New Jersey in 1993. Respondent's last business address listed on his registration with the Office of Court Administration was within the First Department.

In an order dated November 20, 2013, this Court suspended respondent as part of a group of attorneys who failed to file biennial registration statements in violation of Judiciary Law § 468-a. The Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, censuring respondent predicated upon similar discipline imposed by the Supreme Court of New Jersey. Respondent has not submitted a response.

Respondent was employed as an associate in several law firms from 1995 through 2010, except for a period between 2002 and 2004, and 2009, when he maintained his license in New Jersey but was not actively practicing, but was active in New York. Since September 27, 2007, respondent was placed on the New Jersey Supreme Court's ineligible list for failure to pay annual registration fees.

In 2009, respondent joined his father in the practice of law at which time his father promised to pay the overdue fees. In 2010, respondent began accepting small matters pending in municipal court, including one case in the West New York, N.J. Municipal Court. For approximately one year, respondent repeatedly failed to appear in court, failed to file the appropriate paperwork, and requested unreasonable adjournments. Respondent ultimately did not comply with various court orders. This behavior led the Presiding Judge to contact the Board of Bar Examiners to determine the status of respondent's law license. When the Judge learned that respondent's license had been "suspended," the matter was referred to the Office of Attorney Ethics (OAE), which assigned the matter to the District Ethics Committee (DEC).

The DEC served a complaint on respondent by letter dated May 16, 2012, reciting the aforementioned facts and alleging that he knowingly violated New Jersey Rules of Professional Conduct (RPC) rule 5.5 (a) which provides that "[a] lawyer

shall not: (1) practice law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction."

Upon his failure to answer the complaint, the DEC sent a letter to respondent on June 8, 2012, advising him that if he did not answer within five days, no hearing would be held and the record would be submitted to the Disciplinary Review Board (DRB). As of June 27, 2012, no answer was submitted and the matter was certified to the DRB as a default.

In an order dated January 8, 2013, the DRB sustained the charge that respondent practiced law while ineligible pursuant to RPC rule 5.5 (a), determining that "[r]espondent's failure to file an answer is deemed an admission that the allegations of the complaint are true and that they provide a sufficient basis for the imposition of discipline." The DRB found that, because respondent was ineligible to practice law since 2007, his representation of a client during 2010 violated RPC rule 5.5 (a). In an order dated March 7, 2013 (213 NJ 80, 61 A3d 145 [2013]), the Supreme Court of New Jersey agreed with the DRB's decision and publicly reprimanded respondent for violating RPC rule 5.5 (a). It is this order that forms the basis of the Committee's petition for reciprocal discipline.

Respondent did not notify this Court or the Committee that he had been publicly reprimanded by the New Jersey Supreme Court. Rather, the Committee learned of his discipline when the United States District Court for the Southern District of New York reciprocally censured him on August 5, 2013, based on the New Jersey discipline, and forwarded its order to the Committee.

A review of the record establishes that respondent was afforded due process and that sufficient evidence established his admitted misconduct. Further, the conduct for which he was disciplined in New Jersey constitutes a violation of rule 5.5 (a) of New York's Rules of Professional Conduct (22 NYCRR 1200.0), which states that a "[l]awyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction." Respondent has defaulted on this petition. The imposition of reciprocal discipline is therefore appropriate (*Matter of Jones*, 60 AD3d 212 [1st Dept 2009] [attorney who was censured in New Jersey for, inter alia, a violation of RPC rule 5.5 (a) was reciprocally censured by this Court]).

With regard to the issue of sanctions, the state where respondent practiced law at the time and where the offense was com-

mitted has the greatest interest in the issue (*see Matter of Sondel*, 111 AD3d 168, 178 [1st Dept 2013]; *Matter of Davis*, 109 AD3d 154, 157 [1st Dept 2013]). Accordingly, the petition is granted, and respondent censured. Further, respondent remains suspended for his failure to register with the Office of Court Administration until he complies with Judiciary Law § 468-a and applies to this Court for his reinstatement.

MAZZARELLI, J.P., FRIEDMAN, RENWICK, MOSKOWITZ and RICHTER, JJ., concur.

Respondent publicly censured. Respondent's suspension for failure to comply with Judiciary Law § 468-a remains extant.