[643 NYS2d 105]

In the Matter of WILLIAM B. HILDEBRAND (Admitted as WILLIAM BENNETT HILDEBRAND), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 6, 1996

## APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*D. Sanford Jorgenson* for respondent

## OPINION OF THE COURT

Per Curiam.

Respondent William B. Hildebrand was admitted to the

practice of law in the State of New York by the First Judicial Department as William Bennett Hildebrand on January 13, 1986.

On or about December 28, 1994, respondent was served with a notice and statement of charges. The charges alleged that, on January 6, 1988, respondent was convicted in the City Court of New Rochelle, upon his guilty plea, of the misdemeanor of criminal possession of a controlled substance in the seventh degree, in violation of Penal Law § 220.03. He was sentenced to three years' probation and a $60 fine.

Respondent did not thereafter report his conviction to the Committee, as required by Judiciary Law § 90 (4) and 22 NYCRR 603.12 (f). Additionally, respondent had been administratively suspended from the Wisconsin Bar in November 1983 for failure to pay registration dues. When he applied for readmission to the Wisconsin Bar on July 19, 1992, he failed to disclose his 1988 New York conviction.

It was only when Wisconsin officials requested further details with regard to his application for readmission, that respondent disclosed the 1988 conviction.

The charges brought against respondent are that he failed to report his 1988 criminal conviction to the Wisconsin Bar (Code of Professional Responsibility DR 1-101 [A] [22 NYCRR 1200.2]); that respondent engaged in an illegal act involving moral turpitude (DR 1-102 [A] [3] [22 NYCRR 1200.3]); that respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation (DR 1-102 [A] [4]); and that, by possessing cocaine in violation of the Penal Law and by failing to report his conviction to the Committee and the Wisconsin Bar, as required, respondent engaged in conduct adversely reflecting on his fitness to practice law (DR 1-102 [A] [6] [now (8)]).

Respondent served an answer denying the charges and alleged, affirmatively, that his failure to disclose his conviction was due to oversight; that his crime of possession of a controlled substance was not illegal conduct involving moral turpitude; that the charges did not sufficiently specify the allegations of dishonesty, fraud, deceit or misrepresentation; that his substance abuse problems did not adversely reflect on his fitness to practice law but were the result of his underlying problem, which should be considered in mitigation; that his disclosure of his conviction to Wisconsin and New York officials was voluntary; and, finally, that 22 NYCRR 603.12, requiring the reporting of convictions, is so vague as to permit the inference that it applies only to felonies and "serious crimes".

The Hearing Panel rejected respondent's claim that he simply forgot to disclose his New York conviction in his application for readmission to the Wisconsin Bar and sustained Charges I and III. The Hearing Panel also sustained Charge II (citing *Matter of Canale*, 209 AD2d 816). Additionally, the Hearing Panel sustained Charge IV on the basis of the above conduct and respondent's failure to report his conviction to the Committee.

By petition dated February 12, 1996, the Departmental Disciplinary Committee seeks an order confirming the Hearing Panel's findings of fact and conclusions of law and imposing public censure as a sanction.

Respondent has now submitted an affirmation in response in which he accepts the findings of the Hearing Panel and the sanction requested.

Our review of the facts and mitigating circumstances indicates that the Hearing Panel's findings are supported by substantial evidence and supports our conclusion that the motion should be granted, the Hearing Panel's report confirmed, and respondent publicly censured.

SULLIVAN, J. P., ELLERIN, RUBIN, ROSS and NARDELLI, JJ., concur.

Petition granted, the Hearing Panel's report confirmed, and respondent publicly censured.