[649 NYS2d 585]

In the Matter of KENNETH I. FEINMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 8, 1996

## APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo *(Roderick Quebral* of counsel), for petitioner.

*Joel L. Daniels,* Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 16, 1982, and maintains an office in Buffalo. The Grievance Committee has filed a petition containing three

charges of misconduct. Respondent filed an answer denying the material allegations of the petition and a Referee was appointed to conduct a trial on the issues of fact raised by the pleadings. The Referee filed a report that petitioner moves to confirm and respondent cross-moves to disaffirm in part.

The Referee found that respondent made unsolicited sexual advances to one client, had a sexual relationship with a client whom he represented in a criminal proceeding and represented clients with adverse interests.

We confirm the findings of fact in the Referee's report. However, with respect to the second charge, the facts do not support a finding that either Code of Professional Responsibility DR 1-102 (A) (former [7]) or DR 5-101 (A) was violated and we dismiss that charge. With respect to the remaining charges, we conclude that respondent has violated the following provisions of the Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (former [7]) (22 NYCRR 1200.3 [a] [former (7)])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 5-101 (A) (22 NYCRR 1200.20 [a])—accepting employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by the lawyer's own financial, business, property or personal interests; and

DR 5-105 (A) and (B) (22 NYCRR 1200.24 [a], [b])—failing to decline employment or continuing multiple employment, if the exercise of independent professional judgment on behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve the lawyer in representing adverse interests.

Accordingly, we conclude that respondent should be suspended for six months and until further order of the Court.

PINE, J. P., LAWTON, BALIO, DAVIS and BOEHM, JJ., concur.

Order of suspension entered.