[669 NYS2d 368]

In the Matter of JEFFREY WEINSTOCK (Admitted as JEFFREY SCOTT WEINSTOCK), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 9, 1998

1

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Robert Bennet Adler,* New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The petition, dated March 5, 1997, contains four charges of professional misconduct against the respondent. The Special Referee sustained all four charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has submitted an affirmation in response suggesting that, under the circumstances, "resort to the sternest and most stringent form of private discipline" is uniquely appropriate.

The four charges are predicated upon a common set of factual allegations.

The respondent has been a member of the Family Court Assigned Counsel Plan for the Appellate Division, First Department, since 1990. The respondent was assigned to represent indigent clients in the Bronx County Family Court. On or about August 2, 1995, he was assigned to represent a client in a Bronx Family Court matter. At the conclusion of that court appearance, respondent and the client went to a conference room in the Bronx Family Court Building where he exposed his penis and engaged in oral sex with her.

On or about October 11, 1995, the respondent again appeared in the Bronx County Family Court on the client's behalf. At the conclusion of that appearance, the respondent and the client went to a conference room in the court where the respondent exposed his penis.

Charge One alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code

of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), with respect to the first incident.

Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), with respect to the second incident.

Charge Three alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), with respect to the first incident.

Charge Four alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), with respect to the second incident.

The evidence of the respondent's two sexual encounters with the client constitutes conduct prejudicial to the administration of justice and reflects adversely on his fitness to practice law. Accordingly, the Special Referee properly sustained all four charges of professional misconduct and the Grievance Committee's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's request that the Court consider the aberrational nature of his misconduct, his previously unblemished record, the highly favorable character evidence adduced, his efforts in seeking professional therapy to eradicate the root cause of his misconduct, and that he did not orchestrate and plan the sexual encounters with his client.

Under the totality of circumstances, the respondent is suspended from the practice of law for two years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and LUCIANO, JJ., concur.

Ordered that the motion by the petitioner to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Jeffrey Weinstock, is suspended from the practice of law for a period of two years, commencing April 16, 1998, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period, upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22

4

NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jeffrey Weinstock, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.