[760 NYS2d 173]

In the Matter of GREGORY D. ABRAM (Admitted as GREGORY DALE ABRAM), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 24, 2003

## APPEARANCES OF COUNSEL

*Robert P. Guido*, Syosset (*Jennifer A. Buetow* of counsel), for petitioner.

*Gregory Abram,* Hempstead, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing six charges of professional misconduct. His answer and amended answer consisted of a general denial of the charges. At the pre-hearing conference, the respondent admitted, in part, the factual allegations contained in the petition. At the hearing, the petitioner's case consisted of 65 exhibits and the testimony of three witnesses. The respondent testified on his own behalf, called one witness, and produced eight exhibits. At the conclusion of the hearing, the Special Referee sustained Charges One, Two, Three, and Six, and did not sustain Charges Four and Five. The petitioner now moves to confirm the Special Referee's report insofar as it sustained Charges One, Two, Three, and Six, and to disaffirm it insofar as it did not sustain Charges Four and Five. The respondent opposes the petitioner's motion only insofar as it seeks to disaffirm the Special Referee's failure to sustain Charges Four and Five, and he asks the Court to limit the sanction imposed to a public censure.

Charge One alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), and conduct adversely reflecting on his fitness as a lawyer, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to comply with orders and judgments of the Family Court, Suffolk County, which resulted in his repeated arrest and incarceration.

On October 1, 1996, paternity and child support proceedings were commenced in the Family Court, Suffolk County, against the respondent regarding a child, born out of wedlock on April 22, 1995 (hereinafter the paternity matter). The paternity matter was scheduled for trial on October 15, 1997. Although duly served with notice thereof, the respondent failed to appear. After an inquest, the Honorable Kerry Trainer entered an order of filiation declaring the respondent to be the father of the child and immediately referred the issue of support to a Hearing Examiner. On October 15, 1997, after an inquest, Hearing Examiner Barbara Lynaugh issued an order, inter alia, requiring the respondent to make weekly payments of $372.48 for the benefit of the child and to pay a counsel fee in the sum of $4,500 within 60 days to Frederick Stern. The order with notice of entry was duly served on the respondent by mail on

October 27, 1997. As of March 16, 1998, the respondent failed to make any payments whatsoever for the benefit of the child or Stern.

On March 16, 1998, the Suffolk County Department of Social Services (hereinafter the DSS) commenced proceedings against the respondent in the Family Court, Suffolk County, based on his willful failure to comply with the order dated October 15, 1997. At the time, the respondent was in arrears in the amount of $28,308.48. On May 26, 1998, all parties appeared for a hearing before Hearing Examiner Lynaugh. At the conclusion of the hearing, it was adjudged that the respondent had knowingly, consciously, and voluntarily disregarded the order dated October 15, 1997. The findings of the Hearing Examiner were immediately confirmed by a Judge of the Family Court, and the respondent was immediately taken into custody and committed to the Suffolk County Correctional Facility for a period of six months. Such commitment was to be suspended and the respondent released from custody upon the payment of $31,000, to be applied as directed by the court. The respondent remained incarcerated until May 27, 1998, when he arranged to pay the requisite sum and was released.

On November 2, 1998, the DSS commenced a second proceeding in the Family Court, Suffolk County, against the respondent for his failure to comply with the order dated October 15, 1997, in the paternity matter. On June 8, 1999, after a hearing, Hearing Examiner Lynaugh found that the respondent had failed to comply with the order and that he owed support arrears in the amount of $12,761.

As of March 4, 1999, the respondent had not paid to Frederick Stern any part of the $4,500 in counsel fees. On that date, upon Stern's application, a judgment was entered in his favor and against the respondent by the Family Court, Suffolk County, in the amount of $4,500, plus costs, disbursements, and interest. The judgment with notice of entry of the judgment was served on the respondent on May 12, 1999.

On October 25, 1999, the DSS commenced a third proceeding against the respondent in the Family Court, Suffolk County, based on his failure to comply with his obligations in the paternity matter. It sought recovery of arrears then due and owing in the total amount of $25,812.26 ($21,084.79 in child support and $4,727.47 due Stern). The arrears included $20,428.24 secured by judgments against the respondent.

On March 20, 2000, after a hearing, Hearing Examiner Lynaugh found that the respondent knowingly and voluntarily

disregarded the October 15, 1997, order of the Family Court, Suffolk County. On March 21, 2000, the Hearing Examiner's findings were confirmed by a Judge of the Family Court, and the respondent was immediately committed to the Suffolk County Correctional Facility for a period of 88 days. Such commitment was to be suspended and the respondent released from custody upon the payment of $8,808 for the unsecured arrears. The respondent arranged such payment later that day and was released.

On October 5, 2000, the DSS commenced a fourth proceeding against the respondent in the Family Court, Suffolk County, based on his continued failure to comply with his obligations in the paternity matter. It sought the recovery of arrears due and owing in the total amount of $31,101.20 ($25,961.80 in child support and $5,139.40 due Stern). On April 16, 2001, after a hearing, Hearing Examiner Philip Goglas found that the respondent willfully failed to comply with the October 15, 1997, order of the Family Court, Suffolk County. At the conclusion of the hearing, at which the respondent was present, the Hearing Examiner directed the respondent to immediately appear before the Honorable Jeffrey Spinner of the Family Court, Suffolk County, for a confirmation hearing. The respondent deliberately ignored the Hearing Examiner's directive, failed to appear before Judge Spinner, and left the courthouse. When the respondent failed to appear, Judge Spinner issued a warrant for his arrest.

On Friday, April 20, 2001, the respondent was taken into custody by the Suffolk County Sheriff. He was produced and arraigned before Judge Spinner, who fixed bail at $100,000, remanded him to the Suffolk County Correctional Facility, and adjourned the matter to Monday, April 23, 2001. On that day, the respondent was produced before Judge Spinner, who confirmed the earlier findings of the Hearing Examiner and ordered the respondent committed to the Suffolk County Correctional Facility for a period of six months. The commitment was to be suspended upon the respondent's payment of $27,500, to be applied as directed by the court. Later that day, the respondent arranged to pay the $27,500 and was released.

Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), and conduct adversely reflecting on his fitness as a lawyer, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to cooperate with the petitioner's investiga-

tion of the complaint that, in part, formed the basis of Charge One.

In October 1999 the petitioner received a complaint from Frederick Stern alleging that the respondent failed to comply with the order dated October 15, 1997. From November 3, 1999, through March 21, 2001, the petitioner sent eight letters to the respondent requesting his written answer to the Stern complaint. The respondent failed to submit a written answer, as requested by the petitioner.

Charge Three alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), and conduct adversely reflecting on his fitness as a lawyer, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to cooperate with the petitioner's investigation of the complaint that, in part, formed the basis of Charge One.

On May 15, 2001, the petitioner sent a letter to the respondent by certified mail, return receipt requested, notifying him that a sua sponte investigation had been commenced against him based on a letter dated April 30, 2001, from Robert O'Mara, Chief Clerk, Family Court, Suffolk County, regarding his conduct in the paternity matter. The respondent was asked to submit a written answer thereto within 15 days. The letter was delivered to the respondent at his law office on May 16, 2001. No response was received.

The respondent was subsequently served with a judicial subpoena commanding his appearance at an examination under oath on July 11, 2001. He appeared at the petitioner's office on that date and testified. During the course of his examination, he agreed to produce, within 10 days, bank and bookkeeping records for his business operating account for the years 1997 and 1998. He failed to produce such records in a timely manner. On August 22, 2001, the petitioner sent a letter by regular mail to the respondent reminding him of his agreement to produce the requested records and demanding that he comply immediately. To date, the respondent has failed to produce the requested records.

Charge Four alleged that, based on the factual allegations contained in Charge Three, the respondent failed to produce his financial records, in violation of Code of Professional Responsibility DR 9-102 (i) and (j) (22 NYCRR 1200.46 [i], [j]).

Charge Six alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code

of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), and conduct adversely reflecting on his fitness as a lawyer, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to cooperate with the petitioner's investigation of the complaint that formed the basis of Charge Five.

On May 15, 2001, the petitioner sent a letter by certified mail, return receipt requested, to the respondent with a copy of the complaint filed by Diedra Reese and directed him to submit a written answer thereto within 15 days. The letter was delivered to the respondent at his law office on May 16, 2001. No response was received.

The petitioner subsequently served the respondent with a judicial subpoena commanding him to appear for an examination under oath on July 11, 2001. The respondent appeared at the petitioner's office on that date and testified. During the course of his examination, he agreed to produce within 10 days information regarding the location of a witness. He failed to produce the requested information in a timely manner. On August 22, 2001, the petitioner sent a letter by regular mail to the respondent reminding him of his agreement and demanding that he immediately comply therewith. To date, the respondent has failed to produce the requested information.

Based on the respondent's admissions and the evidence adduced at the hearing, Charges One, Two, Three, Four, and Six are sustained. Accordingly, the petitioner's motion is granted with respect to those charges and otherwise denied.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that Charges One and Two were based on the child support proceedings against him in Family Court, which were personal in nature and did not affect the interests of any clients, and that the Special Referee found, in mitigation, that he paid in full all child support arrears and satisfied the judgment for an award of an attorney's fee. Regarding Charges Three and Six, the respondent asks the Court to consider that the Special Referee found that, although his responses to the petitioner's requests were not timely, he cooperated with the petitioner by providing all that was requested of him. The respondent asks the Court to limit the sanction imposed to a public censure in order to avoid imposing on him additional financial hardship that will impair his ability to meet his obligations.

The respondent has a lengthy disciplinary history consisting of 10 letters of admonition (four of which were personally delivered) and four letters of caution.

The respondent's disciplinary history and the present charges reveal a persistent pattern of failing to cooperate with the petitioner and failing to comply with court orders. His present, as well as his past, misconduct evince a contumacious disregard for the authority of the courts and the petitioner. Under the circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm in part, and disaffirm in part, the report of the Special Referee is granted insofar as Charges One, Two, Three, Four, and Six are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent, Gregory D. Abram, is suspended from the practice of law for a period of two years, commencing April 24, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period, upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Gregory D. Abram, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.