[765 NYS2d 607]

In the Matter of KEITH A. HAWTHORNE (Admitted as KEITH ANDREW HAWTHORNE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 16, 2003

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Edwards & Angell, LLP* (*Richard Supple* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Keith A. Hawthorne was admitted to the practice

of law in the State of New York by the First Judicial Department on July 28, 1994 as Keith Andrew Hawthorne. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department. Respondent is also admitted in New Jersey.

Respondent was served with a notice and statement of charges dated January 28, 2003 in which it was alleged that he had violated Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7), and DR 7-106 (a) (22 NYCRR 1200.3, 1200.37) in connection with a dispute he had with the mother of his two young sons. Charges One and Two concerned respondent's willful failure to comply with a court order to pay $85 per week in child support payments from July 1998 through August 17, 2001 in violation of DR 1-102 (a) (5) and DR 7-106 (a). Charge Three alleged respondent's failure to comply with a court order to pay $1,800 in attorneys' fees in violation of DR 7-106 (a). Charge Five concerned his false statements at that hearing regarding his awareness of the court's prior child support order in violation of DR 1-102 (a) (4). Charge Six involved respondent's overall fitness to practice law in violation of DR 1-102 (a) (7). Respondent filed an answer to the charges on or about February 27, 2003, in which he admitted to all five of the above charges.

After a hearing, the Referee reported that the underlying controversy arose after respondent and his former girlfriend, the mother of his children, separated, and she and the boys moved to Connecticut. Apparently, the mother interfered with respondent's visitation, and respondent moved in Connecticut for court-ordered visitation. The mother filed for child support, and respondent was found in contempt of the Connecticut Superior Court order of child support and counsel fees.

Finding Charge Six "essentially cumulative," the Referee sustained Charges One, Two, Three, and Five and concluded that public censure was the appropriate penalty.

By report and recommendation dated May 20, 2003, a Hearing Panel concluded that although respondent's "conduct was clearly improper, it was not venal nor intended to be contumacious." The Hearing Panel expressed "considerable sympathy for the torment [r]espondent had endured at the hands of the mother of his two elder sons" and agreed that "no sanction greater than public censure is warranted." Accordingly, the Hearing Panel confirmed and adopted the Referee's report and recommendation as to sanction.

The Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) confirming the findings of fact and conclusions of law as set forth in the Hearing Panel's determination and imposing the sanction of public censure. Respondent's counsel has submitted an affirmation in support of the Committee's motion to confirm and asks this Court to impose no more than a public censure for the charges sustained.

Given the significant mitigating factors, in particular, that respondent fully cooperated with the Committee during the investigation and after charges were filed, has stipulated to the relevant facts and charges, has paid the outstanding attorneys' fees, has made timely child support payments since August 2001, has expressed remorse, and has no disciplinary record, the Committee recommends a public censure (*contrast Matter of Abram*, 304 AD2d 123 [2003]; *Matter of Shapiro*, 235 AD2d 135 [1997], *lv denied* 91 NY2d 807 [1998]). Respondent's failure to truthfully acknowledge, during the court hearing, that he had been aware of the child support order at issue, when balanced against these mitigating factors, warrants no greater penalty (*see e.g. Matter of Wolmer*, 226 AD2d 77 [1996]; *Matter of Steinberg*, 206 AD2d 232 [1994]).

Accordingly, the Committee's petition should be granted, the Hearing Panel's determination and report confirmed, Charges One, Two, Three, and Five sustained, and respondent publicly censured.

MAZZARELLI, J.P., SULLIVAN, LERNER, MARLOW and GONZALEZ, JJ., concur.

Respondent publicly censured.