[794 NYS2d 307]

In the Matter of ZORAN NAJDOVSKI (Admitted as ZORAN NAJ-
DOSKI), an Attorney, Respondent. DEPARTMENTAL DISCIPLIN-
ARY COMMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT,
Petitioner.

First Department, April 14, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary
Committee*, New York City (*Raymond Vallejo* of counsel), for
petitioner.

*Richard M. Maltz*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Zoran Najdovski, was admitted to the practice of

law in the State of New York by the Second Judicial Department on July 1, 1987 as Zoran Najdoski, and at all times relevant to this proceeding has maintained an office for the practice of law within the First Judicial Department.

Respondent was served by the Departmental Disciplinary Committee with a notice and statement of charges asserting eight charges against respondent, relating to two situations: (1) the complaint brought against him by the court-appointed Law Guardian relating to his failure to make court-ordered payments to her in his Family Court custody case, and (2) his conviction of sexual abuse in the third degree, along with his failure to file notice of it with the Appellate Division.

In a prehearing stipulation, respondent admitted to the conduct described in Charges One through Six. The first five charges involved a check paid to a Law Guardian which was returned for insufficient funds, as well as other failures to make court-ordered fee payments; this misconduct was charged as conduct adversely reflecting on his fitness to practice law (Code of Professional Responsibility DR 1-102 [a] [7] [22 NYCRR 1200.3]), conduct involving dishonesty, fraud, deceit or misrepresentation (DR 1-102 [a] [4]), and conduct prejudicial to the administration of justice (DR 1-102 [a] [5]). The sixth charge concerned respondent's conviction of sexual abuse in the third degree, charged as illegal conduct reflecting adversely on his honesty, trustworthiness, or fitness as a lawyer (DR 1-102 [a] [3]). Respondent further admitted his failure to report this criminal conviction as required by Judiciary Law § 90 (4) (c), although he asserted that he had made inquiries and believed no such report was required.

Respondent's admissions alone amply support imposition of the sanction of public censure recommended by the Committee. His conduct was not merely the careless bouncing of a personal check. His issuance of a check with the actual or constructive knowledge that insufficient funds were present in the account was part of a pattern by which he repeatedly failed to make court-ordered payments to the court-appointed Law Guardian. Moreover, this repeated and ongoing disobedience of court directives was, at least in part, attributable not to a lack of funds, but to respondent's anger and frustration at the way in which his custody case was developing. Repeated failures to make court-ordered payments in an ongoing custody dispute has been found to support a public censure (*see Matter of Hawthorne*, 309 AD2d 285 [2003]).

Additionally, the conviction of sexual abuse in the third degree in itself warrants a public censure (*see Matter of Gilbert*, 194 AD2d 262 [1993]), as does the failure to properly report the conviction (*see Matter of Hildebrand*, 221 AD2d 85 [1996]).

Accordingly, the Committee's motion should be granted and a public censure imposed.

TOM, J.P., MAZZARELLI, SAXE, FRIEDMAN and SULLIVAN, JJ., concur.

Respondent publicly censured.