[825 NYS2d 475]

In the Matter of RONALD M. SIMS (Admitted as RONALD MICHAEL SIMS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 7, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Stephen P. McGoldrick* of counsel), for petitioner.

*Ronald M. Sims*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Ronald M. Sims was admitted to the practice of

law in the State of New York by the First Judicial Department on March 25, 1974. At all times relevant to this petition, respondent has maintained an office for the practice of law in New Jersey, where he was admitted to practice law in 1970.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.3, censuring respondent, predicated upon similar discipline issued by the Supreme Court of New Jersey or, in the alternative, sanctioning respondent as this Court deems appropriate.

By order entered November 3, 2005 (185 NJ 276, 884 A2d 1253 [2005]), the Supreme Court of New Jersey censured respondent for commission of a criminal act that reflected adversely on his honesty, trustworthiness and fitness as a lawyer, in violation of rule 8.4 (b) of the New Jersey Rules of Professional Conduct (RPC).

Respondent's misconduct is predicated upon acts, occurring between March 2002 and January 2003, that he harassed a female legal secretary. On December 18, 2003, respondent was found guilty, after a trial in municipal court during which he admitted pinching his secretary's buttocks on at least two occasions, of the petty disorderly persons offense of harassment in violation of New Jersey Statutes Annotated § 2C:33-4 (b),* and sentenced to a fine and costs totaling $455. By order entered April 20, 2004, the New Jersey Superior Court for Warren County affirmed the municipal court's decision. Respondent did not appeal the Superior Court's order.

Based upon respondent's criminal conviction, the Office of Attorney Ethics of the Supreme Court of New Jersey (OAE), initiated a disciplinary proceeding against respondent. On January 5, 2005, a hearing was held before the Disciplinary Review Board (DRB) at which respondent appeared pro se. Counsel for OAE recommended a reprimand and respondent joined in that recommendation. Respondent was given an opportunity to submit a sworn statement for the DRB's consideration and to testify. By decision dated July 21, 2005, the DRB found that respondent's conviction for harassment clearly and convincingly demonstrated that he committed a "criminal act that reflects adversely on [his] honesty, trustworthiness or fitness as a lawyer," in violation of RPC 8.4 (b), and recommended he be censured. (Six out of nine

* Under New Jersey law, this offense is not defined as a crime, but rather is the essential statutory equivalent of a violation under New York law.

members voted to censure; three members did not participate.) The DRB's recommendation was confirmed by the Supreme Court of New Jersey on November 3, 2005 and the entire record of respondent's disciplinary proceeding was made a permanent part of his file as an attorney in New Jersey.

None of the defenses provided for in a reciprocal disciplinary proceeding pursuant to 22 NYCRR 603.3 apply in this instance. Respondent was provided due process in New Jersey where, represented by counsel before both the trial court and in the disciplinary proceeding, he was given notice, he made a statement during the DRB hearing, and he agreed with the recommendation of reprimand. Moreover, the findings in New Jersey are supported by the record insofar as respondent admitted the offensive touching during his trial and the standard of proof in the New Jersey disciplinary proceeding (clear and convincing evidence) is a greater standard of proof than that of New York's (a fair preponderance of the evidence).

Lastly, the conduct for which respondent was disciplined in New Jersey constitutes misconduct in New York. The provision under which respondent was censured in New Jersey, RPC 8.4 (b), provides that it is professional misconduct for an attorney to commit an act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer. That rule is essentially identical to the language of the Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3), which states that a lawyer "shall not . . . [e]ngage in illegal conduct that adversely reflects on the lawyer's honesty[,] trustworthiness or fitness as a lawyer."

Accordingly, since no defense has been presented or exists, the Committee's petition for an order pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 603.3 should be granted.

With regard to the issue of sanctions, it is generally accepted that the state where an attorney actively practiced law at the time the offense was committed has the greatest interest in the matter (*Matter of Dranov*, 14 AD3d 156 [2004]; *Matter of Anschell*, 11 AD3d 56 [2004]). Furthermore, in other cases involving inappropriate touching similar to that engaged by respondent this Court has imposed the sanction of censure (*see Matter of Maiorino*, 301 AD2d 53 [2002]; *Matter of Wong*, 275 AD2d 1 [2000]).

Respondent, a solo practitioner, has submitted a letter brief in lieu of a formal response. He states that he takes full responsibility for his wrongful conduct and explains that the matter came about as a result of his secretary getting mad at him.

Accordingly, respondent should be publicly censured, pursuant to 22 NYCRR 603.3, in accordance with the discipline ordered by the New Jersey Supreme Court.

TOM, J.P., ANDRIAS, MARLOW, McGUIRE and MALONE, JJ., concur.

Respondent publicly censured.