[941 NYS2d 86]

In the Matter of STEVEN S. GREENBERG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 27, 2012

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu* of counsel), for petitioner.
*Michael S. Ross*, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Steven S. Greenberg was admitted to the practice of law in the State of New York by the Second Judicial Department on October 20, 1971. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Department.

In March 2007, respondent met with a client he was to represent in a personal injury action and requested that she re-enact the circumstances under which her accident occurred. During the demonstration, respondent inserted his hand beneath the client's clothing and touched her breast, and moved her hand over his groin area (outside of his trousers) in a sexual manner, without the client's permission or consent. Respondent then told the client not to tell anyone.

In June 2007, respondent was charged in a misdemeanor complaint with one count of forcible touching in violation of Penal Law § 130.52 and two counts of sexual abuse in the third degree in violation of Penal Law § 130.55. On September 22, 2008, he pleaded guilty to disorderly conduct (Penal Law § 240.20 [1]), a violation, and was sentenced to a one-year conditional discharge.

In June 2010, the Departmental Disciplinary Committee (the Committee) served respondent with charges alleging that he engaged in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (charge 1), and conduct that adversely reflects on his fitness as a lawyer, in violation of DR 1-102 (a) (7) (charge 2). In his answer and a pre-hearing stipulation, respondent admitted to both charges, although he disputed some details of the event.

In April 2011, the Referee issued a report in which she sustained both charges and recommended a public censure. While describing respondent's improper sexual touching of his client, in the course of a legal consultation, as appalling, the

Referee took into account respondent's admission to the charges, his personal and professional reverses, including periods of mental illness and the payment of damages to the client, and his long honorable career and service to the legal profession.

In a report dated July 21, 2011, the Hearing Panel, after hearing oral argument and receiving additional documentary evidence, agreed with the Referee's findings of fact and conclusions of law, but recommended a three-month suspension. The Panel premised its recommendation of an elevated sanction, in part, on two "significant" aggravating factors, to wit, "(1) the vulnerability of the victim as an inexperienced claimant seeking advice in her attorney's office, the door to which he closed; and (2) the fact that Respondent continued to serve on the Committee on Character and Fitness from the day of the incident herein through the bringing of criminal charges on June 20, 2007, and his ultimate guilty plea to a violation on September 22, 2008, and only resigned from the Committee when the formal Disciplinary Charges were brought on June 21, 2010." The Panel also noted "the need that the Court send a strong message to the Bar that such behavior by lawyers in this Department cannot, and will not, be tolerated." One member dissented and concurred with the Referee's recommendation of a public censure.

The Committee now moves for an order confirming the Hearing Panel determination affirming the Referee's findings of fact and conclusions of law, but disaffirming the Hearing Panel's recommended sanction of a three-month suspension and instead imposing a suspension of no less than six months. Respondent cross-moves for an order disaffirming both the Referee's sanction recommendation of public censure and the Hearing Panel's recommendation of a three-month suspension, and instead imposing a sanction no greater than a private reprimand. In mitigation of his misconduct, respondent cites the alleged aberrational nature of his offense, the stigma of his criminal conviction and the attendant adverse publicity, his loss of employment, his long history of depression, the circumstances of the serious illness and hospitalization of his son in the time frame immediately preceding his misconduct, and his heretofore unblemished personal and professional record.[1]

---

1. Respondent had been the subject of a prior disciplinary complaint concerning unwanted sexual touching filed sometime between 2000 and 2001,

We confirm the Hearing Panel's findings of fact and conclusions of law as to respondent's professional misconduct, as they are fully supported by the record and admitted by respondent. With regard to the severity of the sanction, having considered all of the factors here, including the nature of respondent's misconduct and the aggravating and mitigating factors, we find that a suspension for a period of nine months is warranted in order to deter similar misconduct and to preserve the reputation of the bar.

"In disciplinary proceedings involving sexual misconduct, two-year suspensions have been imposed where the attorneys had sexual relations with their clients. Shorter periods of suspension are appropriate where an attorney has made sexually oriented or offensive comments" (*Matter of Isaac*, 76 AD3d 48, 52 [2010] [citations omitted]). Thus, for example, in *Matter of Weinstock* (241 AD2d 1 [1998]), an attorney was suspended for two years for exposing his private parts to a family court client on two occasions and engaging in oral sex with the client on at least one of the occasions. In *Matter of Isaac* (76 AD3d 48 [2010], *supra*), an attorney who made unwanted sexual advances toward a client was suspended for six months, with the court taking into consideration his age and his long and unblemished record practicing law.[2] In *Matter of Feinman* (225 AD2d 200 [1996]), an attorney who, inter alia, made unwanted sexual advances to a client was suspended for six months.

Here, respondent did more than make offensive or suggestive comments. While consulting with a client, he engaged in non-consensual physical contact, groping the woman against her will and placing her hand on his groin for sexual pleasure. By this conduct, respondent failed to act in accordance with the high standards imposed upon members of the bar and his misconduct reflects adversely on his fitness as a lawyer and upon the legal

---

which did not result in any action by the Committee. Respondent also testified that approximately 20 years ago a former client complained of unwanted sexual touching. Respondent was briefly interviewed by the police, but the matter was not pursued. Respondent denied both these complaints. The Referee and the Hearing Panel did not reach a conclusion as to their truth or falsity, but noted their existence.

2. We note that in *Matter of Isaac,* an adjournment was granted during the client's cross-examination. When the client failed to return, even after a subpoena was issued, the Referee granted the respondent's motion to strike her testimony from the record, but ruled that certain recordings she had made of a meeting and telephone conversations, and the transcripts of those recordings, would not be stricken because they had been identified by the respondent.

profession. As the Referee found, while a mitigating factor, respondent did not establish that his depression caused his sexually abusive conduct toward his client (*see Matter of Alongi*, 276 AD2d 175, 177 [2000]). Although there have been instances in which this Court has censured attorneys for sexually related misconduct, such matters are inapposite because the abuse in those cases was not directed at a client (*see e.g. Matter of Najdovski*, 18 AD3d 27 [2005] [attorney censured for, inter alia, misdemeanor conviction of sexual abuse in the third degree for having made sexual advances to a woman who he had dinner and drinks with after she applied for a job in his firm]; *Matter of Sims*, 36 AD3d 304 [2006] [respondent, convicted in New Jersey of violation of harassment for pinching secretary's buttocks and then censured in New Jersey disciplinary proceeding, censured by this Court]).

Accordingly, the Committee's motion should be granted to the extent of We note that in *Matter of Isaac*, an adjournment was granted during the client's cross-examination. When the client failed to return, even after a subpoena was issued, the Referee granted the respondent's motion to strike her testimony from the record, but ruled that certain recordings she had made of a meeting and telephone conversations, and the transcripts of those recordings, would not be stricken because they had been identified by the respondent. confirming the Hearing Panel's findings of fact and conclusions of law with respect to the charges, disaffirming the Hearing Panel's recommended sanction of a three-month suspension, and respondent suspended from the practice of law for a period of nine months effective 30 days from the date hereof and until further order of this Court. Respondent's cross motion should be denied.

GONZALEZ, P.J., MAZZARELLI, ANDRIAS, SWEENY and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of nine months, effective 30 days from the date hereof and until further order of this Court. Cross motion denied.