[968 NYS2d 426]

In the Matter of Peter J. Knudsen (Admitted as Peter James Knudsen), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, June 6, 2013

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kaylin L. Whittingham* of counsel), for petitioner.

*Peter J. Knudsen*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Peter J. Knudsen was admitted to the practice of law in the State of New York by the First Judicial Department on June 19, 1995, under the name Peter James Knudsen. Respondent is also admitted to practice in the State of Washington, where he lives.

The Departmental Disciplinary Committee seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.3 disciplining respondent, predicated upon discipline imposed by the Disciplinary Board of the Washington State Bar Association, based on respondent's admitted violations of an order of protection by his actions in sending four separate text messages to his child's mother despite his knowledge of the order. This conduct constituted a violation of Washington State Rules of Professional Conduct rule 8.4 (i), as an act reflecting disregard for the rule of law. Respondent waived his right to a hearing and stipulated to the facts, violation, and the proposed discipline of a formal reprimand. However, respondent failed to notify the Departmental Disciplinary Committee of the reprimand; the notice was provided by the Washington State Bar Association.

Respondent has not opposed or responded to the petition, and therefore has not raised any of the defenses specified in 22 NYCRR 603.3 (c). Nor do the submissions offer any basis for the existence of an enumerated defense. Respondent received notice of the charges and was given an opportunity to be heard, but voluntarily waived his rights by negotiating a stipulation (22 NYCRR 603.3 [c] [1]). In view of the stipulated facts, there is no basis for an infirmity of proof defense (22 NYCRR 603.3 [c] [2]). And, the misconduct for which he was sanctioned also constitutes misconduct in this jurisdiction, namely, engaging in illegal conduct that adversely reflects on the lawyers honesty, trustworthiness or fitness as a lawyer, a violation of the then-applicable Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]), now rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Since no defense exists, the imposition of reciprocal discipline is appropriate (22 NYCRR 603.3). The only issue for resolution by this Court is the appropriate sanction to be imposed. It is a generally accepted principle that the jurisdiction where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations

relevant to such disciplinary actions (*see Matter of Reiss*, 119 AD2d 1, 6 [1st Dept 1986]; *see also Matter of Supino*, 23 AD3d 11 [1st Dept 2005]). In this matter, the Disciplinary Board of the Washington State Bar Association imposed a public reprimand, which is the equivalent of public censure in this state (*see Matter of Power*, 3 AD3d 21 [1st Dept 2003]; *Matter of Maiorino*, 301 AD2d 53 [1st Dept 2002]). The Committee asserts that there is no reason to depart from the sanction imposed by Washington. Indeed, such a sanction is in keeping with First Department precedent for similar matters (*see e.g. Matter of Sims*, 36 AD3d 304 [1st Dept 2006]; *Matter of Hawthorne*, 309 AD2d 285 [1st Dept 2003]). Finally, respondent cooperated in the Washington proceeding, he stipulated to his misconduct, and he has no disciplinary history.

Accordingly, the Committee's petition for an order imposing discipline should be granted and respondent should be publicly censured in accordance with the discipline imposed in the State of Washington.

MAZZARELLI, J.P., ANDRIAS, SAXE, MANZANET-DANIELS and GISCHE, JJ., concur.

Respondent publicly censured.