Matter of Margulis (2024 NY Slip Op 00809)

Matter of Margulis

2024 NY Slip Op 00809

Decided on February 15, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Sallie Manzanet-Daniels
Justice Presiding
David Friedman Lizbeth González Manuel Mendez Llinet Rosado
Justices.

Motion No. 2023-04758 Case No. 2019-00134 2023-05401 

[*1]In the Matter of Howard l. Margulis, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Howard L. Margulis (OCA ATTY. REG. NO. 2950681), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Howard L. Margulis, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on February 23, 1999.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York
(Kevin P. Culley, of counsel), for petitioner.
Richard E. Mischel, Esq., for respondent.

PER CURIAM 

Respondent Howard L. Margulis was admitted to the practice of law in the State of New York by the Third Judicial Department on February 23, 1999. At all relevant times respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (AGC) commenced this disciplinary proceeding with a petition of charges [FN1] pursuant to Judiciary Law § 90(2) and the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.8, alleging that respondent was guilty of professional misconduct, in violation of rules 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on his failure to (i) pay family support obligations in violation of an order of the New Jersey Superior Court and the New York Family Court order registering the same, (ii) appear before the New York Family Court to answer a contempt application for failing to comply with the registered support order, which formed a partial basis for that court's finding of contempt against respondent, and (iii) to file state or federal tax returns since the 2011 tax year. By notice dated October 30, 2023, the AGC and respondent jointly moved, pursuant to 22 NYCRR 1240.8(a)(5), for discipline by consent and request the imposition of a six-month suspension.
The AGC and respondent stipulated to the following facts:
In 2004, respondent and his ex-wife were divorced in New Jersey. In 2008, the New Jersey Superior Court, Monmouth County set respondent's monthly support obligation at $8,600 ($6,500 for alimony, $1,600 for child support and $500 for equitable distribution). At some point in 2011, respondent moved to New York. By order dated June 29, 2015, the New York Family Court, New York County registered the New Jersey support order as enforceable in New York.
The matter first came to the AGC's attention in 2015, when the ex-wife filed a complaint with the AGC alleging that respondent had failed to make any family support payments since 2011 and calculated $232,000 in total arrears from January 2012 up to the filing of the complaint. In December 2015, the ex-wife also petitioned the Family Court to enforce the support obligation. On May 12, 2016, the Family Court found that respondent owed support arrears in the amount of $429,300 and that his failure to pay the same was willful and entered judgment in the ex-wife's favor in the amount of $324,400. A notice to appear was [*2]thereafter issued directing respondent to appear before the court on June 16, 2016, and to submit proof of his income and assets to ascertain his ability to pay.
At respondent's request, the matter was adjourned to July 12, 2016, and respondent was issued another notice to appear, which warned that respondent could be subject to arrest if he failed to appear. Respondent failed to appear at the July hearing and failed to submit proof of his income; he was thereafter arrested and brought before the Family Court on July 17, 2016. On that same date, the Family Court committed respondent to serve a six-month jail term of weekend confinement based on its previous finding that respondent willfully violated the support order.[FN2] Respondent served weekend jail time over 26 weeks from July 19, 2016, to January 22, 2017, approximately 78 days.
In his answer to the ex-wife's complaint, respondent admitted that he failed to make the support payments as alleged because he lacked the ability to pay due to financial hardship, as he was unable to secure professional employment and was being financially supported by his live-in girlfriend. Despite AGC's request, however, respondent declined to provide state or federal tax returns documenting his financial hardship, because he had last filed such returns for the 2010 tax year. Respondent did not maintain a bank account and acknowledged that any funds placed into a bank account bearing his name would be subject to seizure due to multiple outstanding tax liens and warrants. He further acknowledged that in 2011 and 2018 he had earned approximately $30,000 to $40, 000 annually as a consultant and deposited same into the accounts of his friends and relatives, which they allowed him to use for payment of his living expenses.
The parties have also stipulated to the following aggravating factors:
Respondent's recalcitrance in failing to comply with his family support obligations and to appear in court and produce records of his finances was motivated by increasing acrimony over the matrimonial dispute with his ex-wife and a desire to avoid payments that were mandated by the court. Because of his noncompliance, the New York Family Court was compelled to order respondent confined to jail. As a result, respondent served 78 days of weekend confinement in the County Jail.
Further, the resolution of this matter was delayed, in part, for over three years since the AGC filed the petition due to respondent's deliberate inattention to this matter.
The parties also stipulated to several factors in mitigation:
Since the filing of the AGC petition, respondent has paid all child support arrears.[FN3] As a result of the acrimony generated by the divorce proceedings, respondent lost employment and his passport was taken, further impeding his ability to obtain employment as a lawyer and to earn a steady income to satisfy his support obligations. Respondent was forced to file bankruptcy petitions in New York and New Jersey and had to institute [*3]proceedings in federal court to regain his passport, after satisfying his child support obligations. As for his tax obligations, respondent has retained and is working with a tax accounting firm to resolve his outstanding obligations to state and local tax authorities. Tax enforcement proceedings have never been commenced against respondent. Respondent fully recognizes the severity of his misconduct and is fully committed to meeting all his federal and New York State tax obligations in the future.
Further, no other complaint has been received against respondent in 24 years of practicing law, and respondent's misconduct did not adversely affect any client matters or jeopardize any client interests. Respondent's misconduct did not involve the misuse or misappropriation of client funds nor any form of unjust enrichment using client funds. Finally, respondent has acknowledged the serious nature of his misconduct, is sincerely remorseful, and has accepted full responsibility for it.
Respondent admits that he violated rules 8.4(d) and (h) of the Rules of Professional Conduct. Rules 8.4(d) and (h) respectively prohibit lawyers from engaging "in conduct that is prejudicial to the administration of justice" and engaging "in any other conduct that adversely reflects on the lawyer's fitness as a lawyer." The AGC demonstrated in its Petition of Charges that respondent violated both rules by submitting a stipulation of facts and respondent's conditional admissions of professional misconduct in violation of the above-mentioned rules.
22 NYCRR 1240.8(a)(5) provides for attorney discipline by consent,
"At any time after the filing of the petition with proof of service, the parties may file a joint motion with the Court requesting the imposition of discipline by consent If the motion is granted, the Court shall issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion."
The parties agreed that the AGC's recommended disciplinary action of a six-month suspension from the practice of law is the appropriate sanction; it is also well supported by precedent (see Matter of Savitt, 170 AD3d 24, 28 [1st Dept 2019], appeal dismissed 33 NY3d 1118 [2019][three year suspension of attorney who, inter alia, engaged in frivolous litigation resulting in sanctions and who had significant aggravating factors]; Matter of Bradshaw, 169 AD3d 200, 202-203 [1st Dept 2019][imposing three-month suspension by consent on attorney who pleading guilty to criminal tax fraud in the fifth degree (a class A misdemeanor [Tax Law § 1802]) for failing to file a 2011 return and failing to timely file state tax returns for three years, where attorney acknowledged seriousness of misconduct and expressed sincere remorse]; Matter of Hawthorne, 309 AD2d 285, 287 [1st Dept 2003][Court publicly censured attorney by consent for willfully failing to comply with a court order to pay child support and the resulting contempt finding by a [*4]Connecticut court, but where the respondent had since made timely child support payments, expressed remorse, had no disciplinary record, and the AGC consented to the censure]).
While there is no one case that is on all fours with respondent's specific acts of misconduct, the parties' compilation of cases provides solid ground for the agreed-upon discipline. There are no factors in aggravation or mitigation that warrant departing from the parties' agreed-upon discipline of a six-month suspension.
Accordingly, the joint motion for discipline by consent should be granted pursuant to 22 NYCRR 1240.8(a)(5), and respondent suspended from the practice of law in the State of New York for a period of six months, effective March 18, 2024. The petition of charges (under Case No. 2019-00134) is denied as moot.
All concur.
It is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent Howard L. Margulis is suspended from the practice of law in the State of New York for a period of six months, effective March 18, 2024, and until further order of this Court, and
It is further Ordered that the petition of charges (under Case No. 2019-00134) is denied as moot, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Howard L. Margulis, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Howard L. Margulis shall comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Howard L. Margulis has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: February 15, 2024

Footnotes

Footnote 1: The petition had a return date of November 4, 2019.

Footnote 2: Respondent failed to timely perfect his appeal of the order of commitment. Accordingly, the Family Court's determination that respondent willfully violated the registered support order, and its finding to hold respondent in contempt for said failure and his multiple defaults in appearing before the court, became final. 

Footnote 3: In or about November 2021, respondent paid the ex-wife $107,296 in satisfaction of all child support arrears. The record offers conflicting statements as to whether the alimony and equitable distribution claims have been resolved.